## ARGUED AND DETERMINED

### IN THE

# SUPREME JUDICIAL COURT

### OF

# MASSACHUSETTS.

WILLIAM A. WHITE *vs.* GEORGE A. FULLER COMPANY.

Essex.   November 8, 1916. — January 18, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act.*

Under St. 1911, c. 751, Part III, § 17, which requires a general contractor who is a subscriber under the workmen's compensation act to procure insurance under the act for the benefit of an employee of a subcontractor who is doing any part of the work comprised in a contract of the general contractor, if such an employee has not given to such general contractor a notice in writing under St. 1911, c. 751, Part I, § 5, claiming his right of action at common law to recover damages for personal injuries, he has waived such common law right, and, if he sustains personal injuries by reason of the negligence of a servant of the general contractor, his only remedy is to claim compensation under the workmen's compensation act.

TORT against the George A. Fuller Company, a corporation having its usual place of business in Boston, for personal injuries sustained on June 19, 1913, when the plaintiff was employed as a carpenter by the National Fireproofing Company and was working on a building at the corner of Howard Street and Scollay Square in Boston that was being constructed by the defendant as general contractor, by reason of being struck by a wooden plank that negligently was dropped from above by a servant of the

defendant acting within the scope of his employment. Writ dated September 12, 1913.

The defendant's answer, among other alleged defences, contained the following allegations:

"And further answering the defendant says that the plaintiff at the time of the alleged accident was in the general employ of the National Fireproofing Company, which company was then employed by the defendant as a subcontractor, and that the plaintiff was therefore subject to the provisions of St. 1911, c. 751, and acts in amendment thereof and in addition thereto, being the workmen's compensation act so called, and that he had never under the terms of said acts.reserved his common law rights either as against said National Fireproofing Company, or as against the defendant, and is therefore precluded from recovering against the defendant, and further that he has already elected to receive compensation under said acts and is accordingly for that reason also barred from recovering against the defendant."

In the Superior Court the case was tried before *Brown, J.* The facts that could have been found upon the evidence are stated in the opinion. It was undisputed that the plaintiff had not made any reservation of his common law rights, in accordance with Part I, § 5, of the workmen's compensation act, so called, either as against his employer, the National Fireproofing Company, or as against the defendant. It further was undisputed that the defendant carried compensation insurance for its workmen in the Casualty Company of America, an insurance company duly authorized to do business within the Commonwealth, in accordance with Part V, § 3, of the act, and that notices to this effect were posted properly on the building. The National Fireproofing Company was one of twenty-three subcontractors variously furnishing work or materials upon the building in question. There was no question that at the time of the plaintiff's accident the National Fireproofing Company was engaged in its work as such a subcontractor and that the plaintiff himself was employed in its prosecution by the National Fireproofing Company, was paid by that company and was entirely under its control except in so far as the National Fireproofing Company was a subcontractor of the defendant.

Upon these facts the defendant asked the judge to order a

verdict in its favor upon the ground that the plaintiff's only rights as against the defendant arose under the terms of the workmen's compensation act, and more specifically under the provisions of Part I, § 5, and Part III, § 17. Thereupon the judge ordered a verdict for the defendant and reported the case for determination by this court. If his ordering of the verdict was right, judgment was to be entered for the defendant on the verdict; if it was wrong, by agreement of the parties judgment was to be entered for the plaintiff in the sum of $2,000.

*W. E. Sisk,* (*D. W. Corcoran* with him,) for the plaintiff.

*W. B. Luther,* for the defendant.

DE COURCY, J. At the time of the accident the defendant, as general contractor, was erecting a large building in Boston. The plaintiff's employer, the National Fireproofing Company, was one of twenty-three subcontractors furnishing work or materials under contracts with the defendant. The plaintiff, while at work in the building, was struck by a plank which was negligently dropped by one of the defendant's employees; and he brings this action of tort at common law. Compensation insurance was carried by the defendant and notices thereof were properly posted on the building; but apparently the fireproofing company was not insured. The sole question before us is whether the plaintiff's only rights as against the defendant are those arising under the workmen's compensation act.

St. 1911, c. 751, Part III, § 17, of the act provides in part as follows: "If a subscriber enters into a contract, written or oral, with an independent contractor to do such subscriber's work, or if such a contractor enters into a contract with a subcontractor to do all or any part of the work comprised in such contract with the subscriber, and the association would, if such work were executed by employees immediately employed by the subscriber, be liable to pay compensation under this act to those employees, the association shall pay to such employees any compensation which would be payable to them under this act if the independent or subcontractors were subscribers." Accordingly the plaintiff, as one of "such employees," was entitled to compensation from the defendant, who was a subscriber. *King's Case,* 220 Mass. 290. *Comerford's Case,* 224 Mass. 571. It happened in this instance that the plaintiff's injury was caused by an employee of this

defendant. But the liability of the defendant to compensate the plaintiff under the act would be the same if the careless workman were an employee of any of the twenty-three subcontractors engaged on the building.

The reason for thus putting upon the general contractor a broad responsibility to all the workmen employed on the building is stated by the commission that framed the act, as follows: "Section 17 provides that an employer shall be liable to pay compensation to employees of a contractor who is performing part of the work of the employer on the premises of the employer or on premises under his control. The object of this section was to prevent the possibility of defeating the act by hiring an irresponsible contractor to carry on part of the employer's work." Report of Massachusetts Commission on Compensation for Industrial Accidents, 1912, page 52. For the full protection of all the workmen on the building, as to them the liabilities of an employer were placed on the defendant general contractor by § 17.

The contention of the plaintiff in effect is, that while the statute makes the principal contractor responsible to him as an employer, and practically compels such contractor to carry insurance for his benefit, yet it denies that contractor the immunity from common law liability which is afforded to employers generally. Such a one-sided interpretation of the act is not to be adopted unless the language clearly requires it. As was said in *King* v. *Viscoloid Co.* 219 Mass. 420, 422, "It was undoubtedly the intention of the Legislature by that statute to take away from employees who should become subject to its provisions all other remedies that they had against their employers for injuries happening in the course of their employment and arising therefrom, and to substitute for such remedies the wider right of compensation given by the act." See also *Cox's Case*, 225 Mass. 220. And if the employee of a subscriber wishes to retain a common law right of action to recover damages for personal injuries, he must so notify his employer in writing in accordance with Part I, § 5. *Young* v. *Duncan*, 218 Mass. 346. *Barry* v. *Bay State Street Railway*, 222 Mass. 366. See *Cripps's Case*, 216 Mass. 586.

We are of opinion that on this particular work and so far as concerns the waiving of his right of action at common law, the plaintiff must be considered an "employee" of the defendant

within the meaning of Part I, § 5. The general definition of "employee" in Part V, § 2, is not applicable where "a different meaning is plainly required by the context." By force of Part III, § 17, the plaintiff was given the same rights as the immediate employees of the defendant. It is not to be assumed that the Legislature intended to impose upon the general contractor greater liability to the workmen of independent contractors than to his own immediate employees. Apparently it was intended that the employee should take the statutory rights subject to the statutory limitations. He must either give the notice, and take the chances of common law remedies, or be bound by the provisions of the act. And see St. 1911, c. 751, Part III, § 15.

The judge rightly directed a verdict on the ground that the plaintiff's only rights as against the defendant arose under the workmen's compensation act. In accordance with the terms of the report, judgment must be entered on the verdict for the defendant.

*So ordered.*