WILLIAM C. BINDBEUTEL *vs.* L. D. WILLCUTT
AND SONS COMPANY.

Norfolk.  December 11, 1922. — March 1, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

THOMAS F. WHITE *vs.* GEORGE B. H. MACOMBER COMPANY.

Suffolk.  January 10, 1923. — March 1, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Workmen's Compensation Act.*

An action of tort for personal injuries caused to an employee of a subcontractor in the construction of a building by negligence of the general contractor or of his servants or agents cannot be maintained under G. L. c. 152, § 15, against such general contractor by an insurer of the subcontractor under the provisions of the workmen's compensation act after the employee has received compensation under the act from the insurer of the subcontractor, where it appears that both the general contractor and the subcontractor have accepted the provisions of the act.

TWO ACTIONS OF TORT, each against a general building contractor for personal injuries suffered by an employee of a subcontractor by reason of negligence of the defendant or of his servants or agents. Writs dated, respectively, June 25, 1920, and April 21, 1921.

In the first action, the defendant demurred to the declaration. The demurrer was heard by *Keating*, J., who sustained it, and, being of the opinion that the correctness of this ruling should be determined by this court before further proceedings were had in the Superior Court, the judge reported the action to this court for such determination, judgment to be entered for the defendant if the ruling was correct; otherwise, the action to stand for trial.

In the Superior Court the second action was heard by *McLaughlin*, J., without a jury, upon an agreed statement of facts including an agreement that, if the plaintiff was entitled to recover, judgment should be entered in his favor in the sum of $37.86. The plaintiff moved that a verdict be ordered in his favor. The motion was denied. The judge found for the defendant; and the plaintiff alleged exceptions.

*L. C. Doyle,* for the plaintiff in the first case.

*J. T. Connolly,* for the plaintiff in the second case, submitted a brief.

*T. W. Proctor,* for the defendant in the first case.

*J. E. Farley,* for the defendant in the second case.

CARROLL, J. In the first action the defendant was a general contractor in the erection of a building. The plaintiff was in the employ of Buerkel and Company, a subcontractor doing the heating and plumbing for the building. Both the defendant and Buerkel and Company had accepted the provisions of the workmen's compensation act. The plaintiff was injured by reason of the negligence of the defendant or its employees. He was paid compensation by the Travelers Insurance Company, his employer's insurer. The action of tort is under St. 1911, c. 751, Part III, § 15 (now G. L. c. 152, § 15), and is brought for the benefit of the plaintiff and the Travelers Insurance Company. In the Superior Court the defendant's demurrer was sustained and the case reported to this court.

In the second action the defendant was the general contractor. The plaintiff's employer was a subcontractor engaged in doing a part of the work comprised in the contract of the general contractor. The defendant and the plaintiff's employer were insured under the workmen's compensation act. The plaintiff was injured by the negligence of the defendant's servants. He was paid compensation by the Ocean Accident and Guarantee Corporation, Limited, the employers' insurer, and this action of tort is brought by the plaintiff for his benefit and the benefit of the Ocean Accident and Guarantee Corporation, Limited, under St. 1911, c. 751, Part III, § 15. The plaintiff moved for a directed verdict in his favor; the motion was denied. Judgment was entered for the defendant and the plaintiff excepted.

The same issue is presented in each case. It is, whether an insurance company which has paid compensation to an injured employee of a subcontractor whom it has insured under the workmen's compensation act, can maintain an action as provided by St. 1911, c. 751, Part III, § 15 (now G. L. c. 152, § 15), against the general contractor on the job, when the general contractor has also accepted the provisions of the act. This section provides, when an injury happens to an employee for which compensation

is payable under the statute, "under circumstances creating a legal liability in some person other than the insured to pay damages," the employee has the option to proceed against that person or against the insurer for compensation under the workmen's compensation act, "but not against both; and if compensation be paid under this chapter, the insurer may enforce, in the name of the employee or in its own name and for its own benefit, the liability of such other person; and in case the insurer recovers a sum greater than that paid by it to the employee, four fifths of the excess shall be paid to the employee." By St. 1911, c. 751, Part III, § 17 (now G. L. c. 152, § 18), if a subscriber enters into a contract with an independent contractor to do all or any part of the subscriber's work, and the insurer would be liable to pay compensation to those immediately employed by the subscribers if such work were done by them, it shall pay to the employees of the subcontractors the compensation payable, to the same extent as if the subcontractors were insured under the act. The insurer shall be entitled to recover indemnity from the person liable to such employee, "independently of this section," and if compensation has been paid by the insurer, it may, in the name of the employee, or in its own name, enforce the liability of such person.

The insurer in each of these cases contends that having paid the employee of the subcontractor, it can maintain an action against the general contractor under the statute. It was decided in *White* v. *George A. Fuller Co.* 226 Mass. 1, that an employee of a subcontractor could not sue the general contractor in tort at common law, if the general contractor was insured under the workmen's compensation act. That the remedy of the employee of a subcontractor who was injured by the negligence of the employees of the general contractor who was a subscriber under the act, was exclusively under the workmen's compensation act. It did not appear in *White* v. *George A. Fuller Co. supra*, that the plaintiff's immediate employer was insured under the act; but the principle of the case is equally applicable when this employer is insured. When the employee of an insured employer is injured by the negligence of the employees of the general contractor engaged in the same enterprise who is insured, his remedy is under the act and he cannot sue the general con-

tractor in tort, and if paid compensation by the insurer of his employer, he has no action at law against the general contractor.

The plaintiffs received their full compensation under the statute from the insurers of their immediate employers. They have therefore no cause of action to recover further damages against the general contractor. The insurers of these employers stand no better than the plaintiffs. If the employees cannot recover, the insurers cannot. A legal liability does not exist on the part of the general contractor to pay them, when the only liability of the general contractor was to pay the compensation provided for in the act, in case the workmen of the subcontractors were not insured. This compensation has now been paid by the insurers of their employers, and no further liability on the part of the general contractor exists, either to the plaintiff or the insurers. There is no legal liability on the general contractor in such circumstances "to pay damages in respect thereof."

It was the purpose of the workmen's compensation act to give all the workmen on a common job the benefit of the statute. It was not the purpose of the act to place a greater burden upon the general contractor than upon the subcontractors where all were insured. All the contractors, subcontractors equally with the general contractor, were engaged in a common enterprise. The statute intended that all the employees on the job, the employees of the subcontractors as well as those immediately in the employ of the general contractor, should be protected by the act. With this end in view, § 17 was enacted, making the general contractor liable under the act to the employees of the subcontractor, in case the latter did not insure his employees as provided by the statute.

If the construction contended for by the plaintiffs is correct, then the employees of a subcontractor would have an advantage over the employees of the general contractor, for in addition to the compensation received from their employer under the section referred to, they could recover four fifths of the excess over the sum paid to them by the insurers. This was not the purpose of the statute. All the employees were to receive the same compensation, and no advantage was given the employees of the subcontractor over the employees of the general contractor.

In enacting the workmen's compensation act, the Legislature

sought to have it generally adopted by both employers and employees. *Young* v. *Duncan*, 218 Mass. 346, 349. If it were decided that the insurer of a subcontractor could bring an action at law against the general contractor to recover under the statute, the amount received might be in excess of that paid to the injured employee. In such a case the benefit given the general contractor would be impaired, for he would be liable in tort to employees of an insured contractor, and liable only to the extent provided for in the act, if the contractor was not insured. If this were the law, the general contractor might find it to his advantage to engage · subcontractors who did not carry insurance, and the purpose of § 17 of the statute, to prevent the hiring of irresponsible subcontractors, would be defeated.

It was the purpose by this section to give to all the employees the benefit of the act, and to induce all employers on the job to carry insurance for the protection of their employees under the statute. A construction is not to be adopted which would defeat the aim and purpose of the Legislature in enacting this practical measure of awarding compensation to injured employees. It was not intended to give the employees of a subcontractor a benefit in the way of additional remedy, which the employees of the general contractor did not have, but that the same compensation should be paid to each, measured by earning capacity and the extent of the injury. Nor was it intended that the employees of the subcontractor who was a subscriber under the act should have an advantage over the employees of a subcontractor who was not a subscriber. Whatever remedy the general contractor may have under § 17 against the subcontractor who is not a subscriber, in the event that the former pays compensation to the employees of the subcontractor who does not protect his employees under the statute, there is no liability under § 15 on the general contractor to pay damages in an action at law to the employees of a subcontractor who have been awarded the compensation called for by the statute.

The plaintiffs cannot recover. In Bindbeutel *v.* L. D. Willcutt and Sons Company judgment is to be entered for the defendant. In White *v.* George B. Macomber Company the exceptions are overruled.

*So ordered.*