JOSEPH CATALANO *vs.* GEORGE F. WATTS CORPORATION.

Suffolk.    March 26, 1926. — May 25, 1926.

Present: BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Workmen's Compensation Act,* Rights of employer's insurer against third party causing injury to employee.

A demurrer to the declaration in an action of tort, brought under G. L. c. 152, § 15, against a subcontractor in the construction of a building and for the benefit of the insurer of the general contractor under the workmen's compensation act, after the insurer had paid compensation under the act to an employee of the general contractor at work upon the same building who had received injuries by reason of negligence of the employees of the subcontractor, will be sustained.

The declaration in the action above described contained no allegation that the subcontractor was not insured under the workmen's compensation act. *Whether* the demurrer would have been sustained if the declaration had contained such an allegation, was not determined.

TORT for personal injuries. Writ dated February 12, 1924.

The declaration is described in the opinion. The defendant demurred. The demurrer was heard by *Morton, J.,* and was sustained, and the judge, being of opinion that the correctness of his ruling should be determined by this court before further proceedings in the Superior Court, reported

the action to this court, "judgment to be entered for the defendant if the ruling was correct; otherwise judgment to be entered for the plaintiff by stipulation of the parties in the sum of $58.34."

The case was submitted on briefs.

*W. I. Badger*, for the plaintiff.

*J. F. Scannell & E. E. Andrews*, for the defendant.

CARROLL, J. The plaintiff, employed by the general contractor in the erection of a building, was injured by reason of the negligence of the defendant's employees, the defendant being a subcontractor on the job. The plaintiff was paid compensation under the workmen's compensation act by the Travelers Insurance Company, the insurer of his employer, and this action is now prosecuted against the defendant for the benefit of the insurance company. In the Superior Court the defendant's demurrer was sustained.

It was decided in *Bindbeutel* v. *L. D. Willcutt & Sons Co.* 244 Mass. 195, 198, where both contractors were insured under the workmen's compensation act, that the servant of a subcontractor could not recover against the general contractor under G. L. c. 152, § 15, when the employee has been paid compensation by the insurer of his employer. It was said in that case that all employees were to receive the same compensation, "and no advantage was given the employees of the subcontractor over the employees of the general contractor." This rule applies equally to the employees of the general contractor, under the act. They are to receive no greater benefit than the employees of the subcontractor. All employees upon the same job are to be treated equally, each receiving the same compensation measured by earning capacity and the extent of the injury.

The plaintiff does not allege that the defendant was not insured, and the question does not arise on this demurrer what remedy, if any, the insurer of the injured employee has against an employer on the same job who is not insured under the act.

The case is in this court on a report. The ruling sustaining the demurrer was correct; judgment is to be entered for the defendant.

*So ordered.*