LEE H. DRESSER *vs.* NEW HAMPSHIRE STRUCTURAL STEEL COMPANY.

Suffolk. October 7, 1936. — December 1, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Workmen's Compensation Act,* Liability of persons engaged in common employment. *Actionable Tort.*

An employee of one of two subcontractors hired by the same general contractor and engaged upon a common work, who had not reserved his right of action at common law under § 24 of G. L. (Ter. Ed.) c. 152, could not maintain an action against the other subcontractor for personal injuries caused by negligence of an employee of the defendant where it appeared that the general contractor and both the subcontractors were insured under the workmen's compensation act.

TORT. Writ in the Superior Court dated October 23, 1931.

The action was heard by *Morton, J.,* without a jury, upon

averments of fact in the declaration and in an amended answer of the defendant. The plaintiff alleged exceptions.

*A. C. Kellogg*, for the plaintiff.

*K. C. Parker*, for the defendant.

PIERCE, J. This is an action of tort to recover damages for personal injuries sustained by the plaintiff on November 4, 1930, allegedly resulting from the negligence of employees of the defendant. The case was heard by a judge of the Superior Court, sitting without a jury, on November 19, 1935. No evidence was presented by either side. On November 27, 1935, a finding was entered for the defendant, and its request for a ruling that "Upon all the facts agreed to as set forth in the defendant's amended answer, the plaintiff is not entitled to recover in this action," was granted. The plaintiff duly filed exceptions to the finding for the defendant and to the granting of the defendant's request for the ruling above quoted. The plaintiff agreed that the allegations of fact set forth in the amendment to the defendant's answer are true, and the defendant admitted, for the purpose of disposing of the law question, that the injury was caused by the negligence of the defendant and that the plaintiff was in the exercise of due care.

The facts stated in the amended answer of the defendant, which are agreed to by the plaintiff and the defendant, are as follows: ". . . at the time of the alleged accident the plaintiff was in the employ of the Standard Engineering and Construction Company, a corporation duly existing by law, and was engaged in the prosecution of his employer's work in the construction of a bridge in the city of Boston; that the general contractor for the construction of said bridge was a corporation named Coleman Bros.; that a corporation named Boston Bridge Works was a subcontractor under the said Coleman Bros. for the structural steel work, floor, and pavings of said bridge; that the plaintiff's employer and the defendant were employed by said Boston Bridge Works in the construction of said bridge as subcontractors; that said Coleman Bros., Standard Engineering and Construction Company, Boston Bridge Works, and

the defendant were each insured under, and had complied with, all the provisions of . . . [G. L. (Ter. Ed.) c. 152] and amendments thereto, known as the workmen's compensation act; that the plaintiff had not reserved his common law rights either against his employer or as against said Coleman Bros., or as against the Boston Bridge Works, or as against the defendant."

Apart from the workmen's compensation act, the plaintiff had a right of action against the servants of the defendant who negligently injured him during the course of their common employment (*Osborne* v. *Morgan*, 130 Mass. 102. *Rose* v. *Franklin Surety Co.* 281 Mass. 538, 540), and, in the circumstances shown, also had a right of action against the defendant, the plaintiff and the negligent employees of the defendant not being fellow servants of the defendant. *Garland* v. *Townsend*, 217 Mass. 297, 299.

The defendant does not controvert this position, but contends that the plaintiff's right of action, if any, is governed by the provision of G. L. (Ter. Ed.) c. 152, § 15, which reads: "Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages or against the insurer for compensation under this chapter, but not against both. If compensation be paid under this chapter, the insurer may enforce, in the name of the employee or in its own name and for its own benefit, the liability of such other person; and in case the insurer recovers a sum greater than that paid by it to the employee, four fifths of the excess shall be paid to the employee; but the insurer shall not make any settlement by agreement with such other person without the approval of the industrial accident board," and it maintains that, upon the agreed facts, the plaintiff's case is governed by *White* v. *George A. Fuller Co.* 226 Mass. 1, *Bindbeutel* v. *L. D. Willcutt & Sons Co.* 244 Mass. 195, *Catalano* v. *George F. Watts Corp.* 255 Mass. 605, *Willard* v. *Bancroft Realty Co.* 262 Mass. 133, and *Bresnahan* v. *Barre*, 286 Mass. 593. The

last named case decided that an employee, acting negligently in the course of his employment, is not liable in an action of tort to a coemployee where their common employer is insured under the workmen's compensation act. In the case at bar the plaintiff and the defendant's employees were not fellow servants, although the plaintiff's employer and the defendant were subcontractors under the same contractor. *Garland* v. *Townsend*, 217 Mass. 297, 299. In such a situation the defendant contends that its employees, acting negligently in the course of their employment, were not liable in an action of tort; that it is not liable under the doctrine of *respondeat superior* to a coemployee where their common employer is insured under the workmen's compensation act; and that in such circumstances the defendant's employees were not "some person other than the insured," within the meaning of those words in G. L. (Ter. Ed.) c. 152, § 15.

While the plaintiff concedes that under G. L. (Ter. Ed.) c. 152, § 24, the word "employer" includes a general contractor who engages subcontractors, *White* v. *George A. Fuller Co.* 226 Mass. 1, and that under said § 24 "An employee of an insured person shall be held to have waived his right of action at common law or under the law of any other jurisdiction in respect to an injury therein occurring, to recover damages for personal injuries if he shall not have given his employer, at the time of his contract of hire, written notice that he claimed such right, or, if the contract of hire was made before the employer became an insured person, if the employee shall not have given the said notice within thirty days of notice of such insurance," he contends that the requirement of notice under said § 24 is not here applicable, and that an employee can maintain an action at law against an employer not liable to him for statutory compensation. We think that the plaintiff's theory of the purpose of G. L. (Ter. Ed.) c. 152 is unsound. "One purpose of the workmen's compensation act was to sweep within its provisions all claims for compensation flowing from personal injuries arising out of and in the course of employment by a common employer insured under the act,

and not to preserve for the benefit of the insurer or of the insurer and those injured liabilities between those engaged in the common employment which but for the act would exist at common law. That is the broad ground underlying the decisions already cited. . . . An individual employee stands on the same footing with respect to such liability as a contractor or subcontractor." *Bresnahan* v. *Barre,* 286 Mass. 593, 597. The quoted statement is applicable to the case at bar.

The present case cannot be distinguished from the cases above cited by the fact that the employees in those cases received insurance compensation, while the plaintiff neither received nor had right to receive compensation from the defendant's insurer. In the case at bar the plaintiff and the defendant's employees and every other workman on the job, regardless of his position, were engaged in a common employment and had the benefits of the workmen's compensation act. All the employers on the job, including the defendant, had insured under the act, and thereby provided for all employees the benefit of the act. By so doing they became protected from a liability to pay damages to workmen and employees injured while within the scope of their common employment.

*Exceptions overruled.*