ENRICO CAIRA *vs.* ERNEST CAIRA.

Middlesex.     January 4, 5, 1937. — January 25, 1937.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Workmen's Compensation Act,* Liability of one person engaged in common employment for injury to another.

Section 15 of the workmen's compensation act does not permit an employee of one insured under the act, if he has not reserved his common law rights under § 24 and notwithstanding he has not elected to proceed against the insurer for compensation under the act, to maintain an action against a fellow employee for injuries caused by the defendant's negligence and compensable under the act.

TORT. Writ in the District Court of Newton dated December 27, 1935.

On removal to the Superior Court, a verdict for the defendant was ordered by *Donahue,* J., upon the report of an auditor without other evidence. The plaintiff alleged exceptions.

*S. Mondlick,* (*I. Woronoff* with him,) for the plaintiff.

*D. H. Fulton,* for the defendant.

LUMMUS, J. The plaintiff and the defendant were fellow servants in the employ of a contractor insured under the workmen's compensation act, G. L. (Ter. Ed.) c. 152. The plaintiff was injured through the negligence of the defendant while the latter, in the course of his employment by the common employer, was carrying the plaintiff in a motor vehicle at the end of a day's work. The finding of the auditor, which, not being contradicted, is conclusive (*Ballou* v. *Fitzpatrick,* 283 Mass. 336, 338), is "that while the plaintiff was not required to report at his employer's place of business after work each day that under his contract of em-

ployment he was entitled to be furnished by his employer with transportation to the employer's yard on conclusion of his work and that the employer was fulfilling this obligation when the accident happened."

Upon this finding, the injury was compensable under the workmen's compensation act. *Donovan's Case,* 217 Mass. 76. *Higgins's Case,* 284 Mass. 345, 348. See also *Bresnahan* v. *Barre,* 286 Mass. 593, 595. Upon this finding, also, it may be assumed that at common law the plaintiff could have recovered against the defendant upon proof of ordinary negligence. *Bresnahan* v. *Barre,* 286 Mass. 593, 595, 596. See also *Alderman* v. *Noble, ante,* 30. We assume in favor of the plaintiff, without deciding, that a conclusive election to proceed against the insurer for compensation under the workmen's compensation act has not been shown. See G. L. (Ter. Ed.) c. 152, § 15; *McDonald* v. *Employers' Liability Assurance Corp. Ltd.* 288 Mass. 170, 173. The plaintiff does not claim to have reserved his common law rights of action under G. L. (Ter. Ed.) c. 152, § 24.

The question for decision is whether the fact that the injury was compensable under the workmen's compensation act deprives the plaintiff, without any election on his part, of a right of action against a fellow employee who was the actual wrongdoer. The answer depends upon the construction of G. L. (Ter. Ed.) c. 152, § 15.

In *Bresnahan* v. *Barre,* 286 Mass. 593, the plaintiff's intestate was mortally injured by the negligence of a fellow employee in the service of a common employer insured under the workmen's compensation act. The insurer paid compensation, and brought action against the fellow employee as a "person other than the insured" under § 15. It was held that a verdict for the defendant was properly directed. The court discussed the decisions holding that no action can be brought for personal injury, either by the person injured or by an insurer paying compensation, against the general contractor or a subcontractor, where compensation for the injury was provided by insurance furnished by the general contractor under § 18. Those decisions were held to be illustrations of a general principle that "One purpose of the

workmen's compensation act was to sweep within its provisions all claims for compensation flowing from personal injuries arising out of and in the course of employment by a common employer insured under the act, and not to preserve for the benefit of the insurer or of the insurer and those injured liabilities between those engaged in the common employment which but for the act would exist at common law" (page 597).

Although in *Bresnahan* v. *Barre* that general principle was stated in a guarded form which did not go beyond the requirements of that case, it cannot be restricted to cases in which the action against the fellow employee is brought by an insurer. If a fellow employee is not "some person other than the insured" within § 15 when the action is brought by the insurer, as was held in *Bresnahan* v. *Barre*, he is not within those words when the action is brought by the injured employee. This was recognized in *Dresser* v. *New Hampshire Structural Steel Co.*, *ante*, 97, where the general principle was applied and emphasized in an action by a servant of one subcontractor against another subcontractor under a general contractor which had furnished insurance under § 18. It was said (page 100) that *Bresnahan* v. *Barre* "decided that an employee, acting negligently in the course of his employment, is not liable in an action of tort to a coemployee where their common employer is insured under the workmen's compensation act," unless a reservation of common law rights was made under § 24. In the present case a verdict for the defendant was rightly directed.

*Exceptions overruled.*