Wilson, J.
This is an action of tort. The plaintiff was employed by the Automatic Refrigerating Company, which was installing a refrigerating plant in a warehouse in Ayer, Massachusetts. The defendant was a trucking concern hired by the Automatic Refrigerating Company to transport certain pipe from the railroad freight yard in Ayer to the premises, where the work was being carried on at a stated price per tori. The plaintiff was injured while engaged in táking pipes away from a cellar window, through which the pipe's were pushed by employees of the defendant. The plaintiff received compensation under the Workmen’s Compensation Act, G. L. (Ter. Ed.) chap. 152, from the insurer of • the Automatic Refrigerating Company, his employer. The defendant was not so insured. This action is brought in the name of the plaintiff by said insurer under the terms of said statute against the defendant company in the na *32 turc of subrogation. The trial court found for the defendant. No report was claimed by the defendant. We, therefore, conclude no claim is now made that the trial judge was not justified in finding the injuries of the plaintiff resulted from the negligence of the defendant’s servants or agents and in finding the absence of contributory negligence on the part of the plaintiff.
The claim of the plaintiff is twofold. First, he claims to be entitled to recover full damages in the nature of subrogation as provided by said chap. 152, §15, for the benefit of the injured employee and the insurer in the proportion there stated. Second, the insurer claims to be entitled to indemnity from the defendant for sums paid to the plaintiff for compensation and for medical care.
The purpose of the Workmen’s Compensation Act, G. L. (Ter. Ed.) chap. 152, has been recently stated by Rugg, C. J., in Bresnahan v. Barre, 286 Mass. 593, 597, as follows:
“One purpose of the Workmen’s Compensation Act was to sweep within its provisions all claims for compensation flowing from personal injuries arising out of and in the course of employment by a common employer insured under the act, and not to preserve for the benefit of the insurer or of the insurer and those injured liabilities between those engaged in the common employment which but for the act would exist at common law.”
In the instant case the plaintiff and the employees of the defendant were not fellow servants, although they could be found to be employees of a common employer. Dresser v. New Hampshire Structural Steel Company, Mass. Adv. Sh. (1936) 2225, 2227, because under the Workmen’s Compensation Act the word employer includes a general contractor, who engages subcontractors. White v. George A. Fuller Company, 226 Mass. 1; Dresser v. New Hampshire Structural Steel Company, Mass. Adv. Sh. (1936,) 2225, 2227.
*33 The important issue in the ease at bar is whether the defendant is “some person other than the insured,” as those words are used in G. L. (Ter. Ed.) chap. 152, §15, so that an action may be brought as provided in said section for the benefit of the insurer against such ‘1 other person. ’ ’
The burden of proof is upon the plaintiff to establish by a fair preponderance of the evidence every element necessary to entitle him to recover. Meagher’s Case, Mass. Adv. Sh. (1936) 307, 310; Sluzis’s Case, Mass. Adv. Sh. (1935) 2377, 2380, and cases cited; Gorski’s Case, 227 Mass. 456, 459; Bradley’s Case, 269 Mass. 399, 401; Marsh v. Beraldi, 260 Mass. 225, 231; Parker v. Taylor, Mass. Adv. Sh. (1936) 1509, 1511.
In the instant case, the facts regarding the relationship of the parties are not in dispute and a question of law is presented. Sluzis’s Case, Mass. Adv. Sh. (1935) 2377, 2380.
Referring to the purpose of G. L. (Ter. Ed.) chap. 152, §18, the court said in Doherty’s Case, Mass. Adv. Sh. (1936) 1129, 1131:
“We can appreciate the force of the argument that the purpose of section 18 was to prevent evasion of the act by the letting out of work to irresponsible and uninsured contractors.”
The test of liability under G. L. (Ter. Ed.) chap. 152, §18, is not whether the relationship to the general contractor is that of independent contractor or subcontractor, but whether or not the work to be done “is merely ancillary and incidental to, and is no part of or process in, the trade or business carried on by the insured. ’ ’
In Comerford’s Case, 224 Mass. 571, 573, it was said:
“The conveyance of picks, shovels, wheelbarrows and of constructed and fabricated parts of a building from the storehouse of a builder and contractor, to the premises where they are to be used, or are to be combined into a proposed structure, may be found to be a part *34 of the trade or business of a contractor and is not necessarily an act merely ancillary and incidental to the business of that contractor. ’ ’
And when the same case was before the court again, see 229 Mass. 573, 575, it was said:
“Their removal was not merely ancillary or incidental to the work of constructing the building, and this work could not be contracted for so as to relieve the subscriber of the obligations imposed by the Workmen’s Compensation Act, even though it was customary for the subscriber to contract for the transfer of its materials.”
That decision seems to us to be decisive of the same issue in the case before us. Here the defendant exercised full control as to how the work was to be done, furnished its own conveyance, and employees, over whom the general contractor apparently had no control, and was paid on a tonnage basis. It seems clear that the work performed by the defendant was not “merely ancillary and incidental” to the work of installing the refrigerating plant. It follows that section 18 does not apply to the situation here and if recovery is to be had by the plaintiff it must be under and by virtue of section 15.
The pertinent portion of said section 15 is as follows:
“Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages or against the insurer for compensation under this chapter, but not against both. If compensation be paid under this chapter, the insurer may enforce, in the name of the employee or in its own name and for i|s own benefit, the liability of such person.”
This section has been before the court for application to several different forms of employment.
*35 In Bresnahan v. Barre, 286 Mass. 593, it was held that an employee, acting negligently in the course of his employment, is not liable in an action of tort to a co-employee where their common employer is insured under the Workmen’s Compensation Act.
In Dresser v. New Hampshire Structural Steel Company, Mass. Adv. Sh. (1936) 2225, it was held that an injured employee of one contractor could not recover in an action of tort against the employer of another contractor, by the negligence of whose workmen he sustained injuries, where both employers were insured under the Workmen’s Compensation Act. And it was there said, at page 2228:
“All the employers on the job, including the defendant, had insured under the act, and thereby provided for- all employees the benefit of the act. By so doing they became protected from a liability to pay damages to workmen and employees injured while within the scope of their common employment.”
In Bindbeutel v. L. D. Willcutt and Sons Company, 244 Mass. 195, 198, it was decided that where both contractors were insured under the Workmen’s Compensation Act the servant of a subcontractor could not recover against the general contractor under G. L. (Ter. Ed.) chap. 152, §15, where the injured employee has received compensation from the insurer of his employer. And it was there said, at page 198:
“If the construction contended for by the plaintiffs is correct, then the employees of a subcontractor would have an advantage over the employees of the general contractor, for in addition to the compensation received from their employer under the section referred to, they could recover four fifths of the excess over the sum paid to them by the insurers. This was not the purpose of the statute. All the employees were to receive the same compensation, and no advantage was *36 given the employees of the subcontractor over the employees of the general contractor.
“In enacting the Workmen’s Compensation Act, the Legislature sought to have it generally adopted by both employers and employees. Young v. Duncan, 218 Mass. 346, 349. If it were decided that the insurer of a subcontractor could bring an action at law against the general contractor to recover under the statute, the amount received might be in excess of that paid to the injured employee. In such a case the benefit given the general contractor would be impaired, for he would be liable in tort to employees of an insured contractor, and liable only to the extent provided for in the act, if the contractor was not insured. If this were the law, the general contractor might find it to his advantage to engage subcontractors who did not carry insurance, and the purpose of section 17 (now section 18) of the statute, to prevent the hiring of irresponsible subcontractors, would be defeated. . . .
“Whatever remedy the general contractor may have under section 17 (now section 18) against the subcontractor who is not a subscriber, in the event the former pays compensation to the employees of the subcontractor who does not protect his employees under the statute, there is no liability under section 15 on the general contractor to pay damages in an action at law to the employees of the subcontractor who have been awarded the compensation called for by the statute.”
In Catalano v. George F. Watts Corporation, 255 Mass. 605, which arose upon an appeal from an order sustaining a demurrer, an employee of the general contractor sought recovery for the benefit of the insurer against the subcontractor for injuries resulting from the negligence of the employees of the latter, the court said:
“The plaintiff does not allege that the defendant was not insured, and the question does not arise on this demurrer what remedy, if any, the insurer of the injured employee has against an employer on the same job who is not insured under the act.”
*37 See also Caira v. Caira, Mass. Adv. Sh. (1937) 189, where it was held that one employee who had not elected to take compensation could not maintain an action for negligence against a fellow employee, and the court said, at page 191:
“If a fellow employee is not ‘some person other than the insured’ within section 15 when the action is brought by the insurer, as was held in Bresnahan v. Barre, he is not within those words when, the action is brought by the injured employee.”
From the examination of the decisions in this Commonwealth it . seems to be clear that the purpose of the act was to protect all those who became subscribers as therein provided, and to penalize those who saw fit not to do so, by removing those defences which had been established by the course of judicial decision. Nowhere in the act is their any indication of any legislative intent to afford protection to nonsubscribers..
It becomes important also to determine whether the injury in the case at bar “was caused under circumstances creating a legal liability in some person other than the insured.”
The court said in Dresser v. New Hampshire Structural Steel Company, Mass. Adv. Sh. (1936) 2225, 2226:
“Apart from the Workmen’s Compensation Act, the plaintiff had a right against the servant of the defendant who negligently injured him during the course of their common employment (Osborne v. Morgan, 130 Mass. 102. Rose v. Franklin Surety Co., 281 Mass. 538, 540), and in the circumstances shown, also had a right of action against the defendant, the plaintiff and the negligent employee of the defendant not being fellow servants of the defendant. Garland v. Townsend, 217 Mass. 297, 299.”
We are, therefore, of the opinion that the defendant was “some person other than the insured” within the meaning of said section 15.
*38 It follows that the trial court erred in refusing to instruct himself as requested by the plaintiff’s thirteenth request and by giving the defendant’s seventh, tenth, and eleventh requests.
The plaintiff filed twenty-three requests for rulings. In view of our conclusion it is unnecessary to discuss each request in detail. All have been given adequate consideration. Hietala v. Boston & Albany Railroad, Mass. Adv. Sh. (1936) 1591, 1599.
The finding for the defendant is set aside and a finding will be entered for the plaintiff in the sum agreed upon as set out in the report. G. L. (Ter. Ed.) §110 and §124. Andrade v. Hanley, 289 Mass. 335, 337.