MANUEL PIMENTAL *vs.* JOHN E. COX CO., INC.

Bristol.    October 26, 1937. — March 2, 1938.

Present: FIELD, DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Workmen's Compensation Act,* Liability of one person engaged in common employment for injury to another, Action by insurer against negligent third person. *Words,* "Some person other than the insured," "Common job."

An independent contractor, insured under the workmen's compensation act and performing part of the work of erecting a building, was a "person other than the insured" and not immune to an action at law under G. L. (Ter. Ed.) c. 152, §§ 15, 18, brought by the insurer of a second independent contractor on the job in the name of an employee of its insured injured through the negligence of the first contractor, where the common hirer of the contractors was not insured with respect to such construction work.

TORT. Writ in the Superior Court dated January 22, 1935.

The action was tried before *Walsh,* J., and was submitted to this court on briefs.

*H. E. Clarkin & J. T. Farrell,* for the plaintiff.

*H. S. R. Buffinton & R. A. Bogle,* for the defendant.

FIELD, J. This is an action of tort brought by an employee of William J. Dorley and Company for damages for personal injuries alleged to have been sustained by the plaintiff as a result of the negligence of an employee of the defendant. The case was tried by a judge and jury, as hereinafter narrated. A motion by the defendant for a directed verdict was denied. The jury returned a verdict for the plaintiff in the amount of $1,000. Before this verdict was recorded the judge, with the consent of the jury,

reserved leave to enter a verdict for the defendant. On motion of the defendant such a verdict was entered subject to the plaintiff's exception. The judge reported the case upon the terms that if his "action in ordering the entry of a verdict for the defendant was correct, judgment is to be entered on the verdict, otherwise judgment is to be entered for the plaintiff in the sum of $1,000 plus interest from the date of the verdict."

There was evidence warranting a finding "that the plaintiff was in the exercise of due care and was injured by reason of the negligence of an agent or servant of the defendant acting within the scope of his employment, and that he did not assume the risk of the happening of such an accident as that which caused his injury." The defendant does not contend that the verdict returned by the jury was vitiated by error or that the plaintiff is not entitled to judgment thereon, unless, on the facts agreed upon by the parties, the plaintiff is precluded by the provisions of the workmen's compensation law, G. L. (Ter. Ed.) c. 152, from maintaining this action against the defendant.

After the taking of the oral evidence the parties filed a "stipulation" which was received by the judge but, with the consent of the parties, was not read to the jury. This stipulation is as follows: "In 1934 Titus J. Cook and William A. Cook, doing business under the firm name of Cook Bros., 231 Bedford Street, Fall River, Massachusetts, which firm was exclusively engaged in a general trucking and freight forwarding business, decided to erect a freight terminal and garage on Fourteenth Street in Fall River. The said Titus J. Cook and William A. Cook engaged one Deardon, an architect, to draw plans and specifications for said building, to prepare the contracts for the different types of construction and to direct, check and supervise the work of the several contractors, which he did. Contracts were entered into by said Cook Bros. with one William J. Dorley and Company for the mason work, John E. Cox Co. for the steel and iron work, Walter E. Sullivan for the plumbing and heating, and one Aitken for the carpenter work, painting and electrical work on the contemplated

building. These four contracts were in force on May 14, 1934, at the time of the accident. All four contractors carried workmen's compensation insurance as prescribed in chapter 152 of the General Laws and as required under the terms of their respective contracts with Cook Bros. Cook Brothers also carried workmen's compensation insurance as prescribed by said chapter 152 covering their freight forwarding and expressing business. All persons engaged in the construction of the freight terminal in any capacity were employees of one of these four contractors except said Deardon, the architect. The plaintiff in this case, an employee of William Dorley & Company, was injured on May 14, 1934, while working on the premises and on the job of building this freight terminal and was paid compensation for his injuries by the Ocean Accident and Guarantee Corporation, insurer of William Dorley & Company by whom he was employed. The plaintiff had not given notice of reservation of his common law rights under chapter 152 of the General Laws to William Dorley & Company, by whom he was employed, to the defendant, to Cook Bros. or to any other person. This suit is duly authorized by the said Ocean Accident and Guarantee Corporation, insurer of William Dorley & Company, which has paid compensation under the pertinent provisions of General Laws, chapter 152, to the plaintiff, Manuel Pimental."

The facts set forth in this stipulation did not justify the order of the judge that a verdict be entered for the defendant.

The plaintiff, an employee of William J. Dorley and Company, having elected to proceed under the workmen's compensation law, by force of G. L. (Ter. Ed.) c. 152, § 15, cannot maintain an action at law for damages against this defendant for the personal injuries sustained by him arising out of and in the course of his employment, for which he was paid compensation under the workmen's compensation law. *McDonald* v. *Employers' Liability Assurance Corp. Ltd.* 288 Mass. 170, 174. But, under the same section, the insurer of William J. Dorley and Company, having paid compensation, may enforce in an action at law brought in the name of the plaintiff, or in its own name, the liability

of the defendant, if any, for damages to the plaintiff. The present action was brought for that purpose by the insurer in the name of the plaintiff. See *Becker* v. *Eastern Massachusetts Street Railway*, 279 Mass. 435, 441–444. But the action can be maintained only if the injury for which the plaintiff was paid compensation was, in the language of G. L. (Ter. Ed.) c. 152, § 15, "caused under circumstances creating a legal liability" in the defendant, as "some person other than the insured."

The defendant's sole contention is that it was not "some person other than the insured" within the meaning of G. L. (Ter. Ed.) c. 152, § 15, but that it is entitled to the protection against an action at law for damages to which an "insured" is entitled. This contention cannot be sustained.

If Cook Brothers had been an "insured person" under the workmen's compensation law with respect to the erection of the freight terminal and garage, neither the plaintiff, an employee of William J. Dorley and Company, an independent contractor, engaged upon this job under contract with Cook Brothers, nor the insurer of this independent contractor, in the name of the plaintiff, could have maintained this action against the defendant, another independent contractor engaged upon the same job. *Dresser* v. *New Hampshire Structural Steel Co.* 296 Mass. 97. This result follows from the purpose of the workmen's compensation law, stated in *Bresnahan* v. *Barre*, 286 Mass. 593, 597, and restated in *Dresser* v. *New Hampshire Structural Steel Co.* 296 Mass. 97, 100–101, and in *Caira* v. *Caira*, 296 Mass. 448, 449–450, "to sweep within its provisions all claims for compensation flowing from personal injuries arising out of and in the course of employment by a common employer insured under the act, and not to preserve for the benefit of the insurer or of the insurer and those injured liabilities between those engaged in the common employment which but for the act would exist at common law." Within this purpose an insured person is not the less a common employer nor the work a common employment though all or any part of the work is performed through an independent contractor or subcontractor by

workmen employed by such independent contractor or subcontractor. G. L. (Ter. Ed.) c. 152, § 18. *White* v. *George A. Fuller Co.* 226 Mass. 1. *Bindbeutel* v. *L. D. Willcutt & Sons Co.* 244 Mass. 195. *Catalano* v. *George F. Watts Corp.* 255 Mass. 605. *Dresser* v. *New Hampshire Structural Steel Co.* 296 Mass. 97. *Cozzo* v. *Atlantic Refining Co.*, *ante*, 260, 263. Accordingly an insured independent contractor or subcontractor engaged on a common job for a "common employer insured under the act" is not "some person other than the insured" within the meaning of G. L. (Ter. Ed.) c. 152, § 15, against whom an action at law can be maintained by, or in the right of, an injured employee — who had not reserved his common law rights — of another independent contractor or subcontractor engaged on the common job.

In the present case, however, there was no ",common employer insured under the act" with respect to the work on which the plaintiff as an employee of one independent contractor and the defendant as another independent contractor were engaged. While the work on which the independent contractors and their employees were engaged might well be described as a common job, there was no "common employer" unless it was Cook Brothers, and they were not "insured under the act" with respect to this job of erecting the freight terminal and garage. They were insured upon the "freight forwarding and expressing business" in which, as the parties agreed, Cook Brothers were "exclusively engaged." It must be taken that the erection of the freight terminal and garage was not covered by their insurance. Indeed this work was not a "part of or process in" the "trade or business" of Cook Brothers, but was "merely ancillary and incidental" thereto, within the meaning of G. L. (Ter. Ed.) c. 152, § 18, so that, under this section, the insurer of Cook Brothers would not be liable to pay compensation to employees of the independent contractors even if such contractors were not insured. *Corbett's Case*, 270 Mass. 162, 165–167. See also *Cozzo* v. *Atlantic Refining Co.*, *ante*, 260, 267. Whether the insurer would have been free from liability to pay such

compensation on the further ground that under G. L. (Ter. Ed.) c. 152, § 1 (4), it would not have been liable to pay compensation to "employees immediately employed" by Cook Brothers "if such work were executed" by them need not be decided. See § 18. Moreover, the firm of Cook Brothers was not an "insured person" within the meaning of the workmen's compensation law with respect to the erection of a freight terminal and garage by reason of its contracts with the independent contractors which required such contractors to carry insurance under the statute. G. L. (Ter. Ed.) c. 152, § 1 (6) (7). Nor was the firm of Cook Brothers the employer of the employees of the independent contractors within the meaning of the workmen's compensation law except as it was made so by § 18 thereof if applicable. See *Clancy's Case,* 228 Mass. 316, 318; *McDermott's Case,* 283 Mass. 74.

The fundamental question for decision is whether the absence of a "common employer insured under the act" is fatal to the defendant's contention. The doctrine of the *Dresser* case, and related cases, has not heretofore been applied to a case where there was no such employer. We think it is not to be extended to such a case.

While it has been recognized as "the purpose of the workmen's compensation act to give all the workmen on a common job the benefit of that act and to put them on substantially the same footing as to compensation to be measured by earning capacity and the extent of injury" (*Bresnahan* v. *Barre,* 286 Mass. 593, 597, see *Bindbeutel* v. *L. D. Willcutt & Sons Co.* 244 Mass. 195, 198–199; *Catalano* v. *George F. Watts Corp.* 255 Mass. 605, 606), this purpose cannot be carried out in all cases. Otherwise there would be no room for the application of G. L. (Ter. Ed.) c. 152, § 15, under which an employee may share in the amount received by an insurer in an action at law for damages against "some person other than the insured." The words "common job" in the phrase quoted, considered in connection with other language of the opinions, must be taken to mean a "common employment" under a "common employer insured under the act."

The doctrine of the *Dresser* case and related cases — where employees of an independent contractor or subcontractor are involved — rests ultimately on G. L. (Ter. Ed.) c. 152, § 18, interpreted in the light of the purpose of the statute. *White* v. *George A. Fuller Co.* 226 Mass. 1. *Bindbeutel* v. *L. D. Willcutt & Sons Co.* 244 Mass. 195. That section in terms applies only where the general contractor or employer is an "insured person." It 's the fact that such contractor or employer is insured and that the protection of such insurance must, under the statute, extend to all workmen on the job whether or not employed immediately by the general contractor or employer — at least if they are not otherwise protected by insurance — which gives such general contractor or employer and all persons or corporations engaged on the job as employees, independent contractors or subcontractors — irrespective of whether such independent contractors or subcontractors are also insured — immunity against actions at law brought by or in the right of other employees so engaged. On the other hand, the protection of insurance obtained by an independent contractor extends only to employees on the work covered by its contract, and the immunity so secured is limited to such independent contractor and persons and corporations engaged in such work and is effective only against actions brought by or in the right of other employees engaged thereon. Such an independent contractor, by reason of the insurance procured by it, ordinarily is the "insured" with respect to its own employees or those of its subcontractors, but "some person other than the insured" with respect to workmen engaged on work not covered by its contract. We think that a group of independent contractors insured under the act, though their insurance in combination covers all the employees on the work which is being done for an owner of property, is not an adequate substitute for a "common employer insured under the act" whose existence gives the work as a whole the character of a common job or employment, within the scope of which actions at law for damages cannot be brought between persons engaged thereon as employees or independent con-

tractors or subcontractors. In such a situation there is no basis for immunity of an independent contractor outside the scope of the insurance which such independent contractor has himself procured. This is the situation in the present case. The plaintiff was outside the scope of the insurance under the workmen's compensation law procured by the defendant.

It follows that in accordance with the terms of the report "judgment is to be entered for the plaintiff in the sum of $1,000 plus interest from the date of the verdict."

*So ordered.*