GEORGE H. B. CLARK *vs.* M. W. LEAHY CO., INC.

Middlesex.    April 7, 1938. — June 28, 1938.

Present: LUMMUS, QUA, DOLAN, & COX, JJ.

*Workmen's Compensation Act,* Liability of one person engaged in common employment for injury to another, Action by insurer against negligent third person, Employee of independent contractor, To whom act applies. *Actionable Tort.*

The provisions of § 15 of the workmen's compensation act, permitting the insurer of an employer, after paying compensation to an employee for a compensable injury, to enforce the liability for such injury to the

employee of a "person other than the insured" did not authorize an action by the insurer of a general contractor, after such payment, against a subcontractor on the same job, negligence of whose employee had caused the injury to the employee of the general contractor, if the work of the subcontractor was part of a "common employment" covered by the general contractor's insurance within § 18, although the subcontractor was not insured under the act.

Findings were warranted that, within the meaning of § 18 of the workmen's compensation act, the work of a subcontractor, under a contract with a general contractor installing a refrigerating system, in transporting iron pipes from a railroad station and in delivering them to a plant where the refrigerating system was being installed, was "part of the work comprised in" the general contract, and "part of or process in, the trade or business carried on by" the general contractor, and not "merely ancillary and incidental" thereto; and that the place of delivery of the pipes was "under the control or management" of the general contractor, as well as "premises on which" the subcontractor had "undertaken to execute" its work.

TORT. Writ in the First District Court of Northern Middlesex dated August 19, 1936.

The action was heard by *Lovering*, J., who made finding of fact and found for the defendant. Upon report established by the Appellate Division for the Northern District on a petition, judgment was ordered entered for the plaintiff in the sum of $2,224.24, agreed by the parties to be the plaintiff's damages if he was entitled to recover. The defendant appealed.

*F. J. Cooke*, for the defendant, submitted a brief.

*E. Z. Dymsza*, for the plaintiff.

LUMMUS, J. The plaintiff was an employee of The Automatic Refrigerating Company, which was engaged as general contractor in installing a refrigerating system for the Nashoba Apple Packing Association, Incorporated. The Automatic Refrigerating Company contracted with the defendant M. W. Leahy Co., Inc., to pay the latter a stated price by the ton for transporting iron pipes from the railroad to the plant of the Association, where the work was being done. While the pipes were being delivered by the defendant, one of its employees negligently pushed a pipe through a window and injured the plaintiff, who was at his work. The insurer of The Automatic Refrigerating Company paid compensation to the plaintiff, and brings

this action in his name under G. L. (Ter. Ed.) c. 152, § 15, against the defendant subcontractor, which was not insured under the workmen's compensation act.

The judge on these facts found for the defendant. The Appellate Division vacated the finding and ordered judgment for the plaintiff. The defendant appealed.

Unless an employee of "an insured person" under the workmen's compensation act has reserved his common law right of action by written notice at the time of his contract of hire, he "shall be held to have waived his right of action at common law . . . in respect to an injury . . . to recover damages for personal injuries." G. L. (Ter. Ed.) c. 152, § 24. Where work done by contractors, subcontractors and their employees is done by contract under "an insured person" as a "part of or process in, the trade or business carried on by the insured," — not "merely ancillary and incidental" thereto — and in or about premises "under the control or management of the insured" or "on which the contractor has undertaken to execute the work for the insured," then the insurer of such "insured person" must make compensation for a compensable injury to an employee of any contractor or subcontractor as though such contractor or subcontractor were the "insured person." G. L. (Ter. Ed.) c. 152, § 18. The owner of real estate having construction work done by contract is usually not such an "insured person," for usually the work done is only "ancillary and incidental" to his trade or business. *Cozzo* v. *Atlantic Refining Co.* 299 Mass. 260, 266. *Pimental* v. *John E. Cox Co. Inc.* 299 Mass. 579. But the facts may bring him within the section. *Cozzo* v. *Atlantic Refining Co.* 299 Mass. 260. Ordinarily in such a case the general contractor is the "insured person" within that section. *Dresser* v. *New Hampshire Structural Steel Co.* 296 Mass. 97. Furthermore, when a compensable injury "was caused under circumstances creating a legal liability in some person other than the insured to pay damages," the employee is put to his election, either to claim damages against that other person, or to claim compensation from the insurer. If he elects the latter, the insurer paying him may "enforce

. . . the liability of such other person." G. L. (Ter. Ed.) c. 152, § 15. *Tocci's Case*, 269 Mass. 221. *McDonald* v. *Employers'. Liability Assurance Corp. Ltd.* 288 Mass. 170.

These three sections in combination have resulted in the establishment of a rule, governing common law actions for personal injuries suffered by employees of the contractor and of subcontractors where the work is done under a general contractor who is an "insured person," that might not be apparent from a mere reading of the statute. The insurance of the general contractor or "common employer" (*Bresnahan* v. *Barre*, 286 Mass. 593, 597) throws its shadow over the whole work. In that shadow (unless there has been a written notice under § 24 reserving common law rights) a cause of action for negligence causing a compensable personal injury cannot grow. *Bresnahan* v. *Barre*, 286 Mass. 593, 597. Since the insurance of the "common employer" covers and protects all employees engaged in the "common employment" (*Bresnahan* v. *Barre*, 286 Mass. 593, 597), one engaged in that common employment as contractor, subcontractor or employee cannot be a "person other than the insured" within § 15, and the injured employee has no option to sue him at common law. An insurer, whether of the common employer or of a subcontractor, paying compensation to an employee, cannot recover over under § 15 against a negligent contractor, subcontractor or employee engaged in the "common employment," for the insurer succeeds only to the rights of the employee receiving compensation. *Bindbeutel* v. *L. D. Willcutt & Sons Co.* 244 Mass. 195, 198. See also *Fidelity & Casualty Co.* v. *Huse & Carleton, Inc.* 272 Mass. 448. In the application of this rule, it is immaterial whether the subcontractors are insured or not. *Bindbeutel* v. *L. D. Willcutt & Sons Co.* 244 Mass. 195. *Pimental* v. *John E. Cox Co. Inc.* 299 Mass. 579, 583. The essential thing is the existence of a "common employer" who is an "insured person" under § 18 (*Pimental* v. *John E. Cox Co. Inc.* 299 Mass. 579), and who is having work done

by contract in or about premises specified in § 18 (*Doherty's Case*, 294 Mass. 363), which work is part of or process in his trade or business. *Corbett's Case*, 270 Mass. 162.

This rule has been applied to prevent an action for personal injuries against the general contractor by the employee or insurer of a subcontractor (*White* v. *George A. Fuller Co.* 226 Mass. 1; *Bindbeutel* v. *L. D. Willcutt & Sons Co.* 244 Mass. 195; *Willard* v. *Bancroft Realty Co.* 262 Mass. 133; *Cozzo* v. *Atlantic Refining Co.* 299 Mass. 260); to prevent such an action against a subcontractor by the employee or insurer of the general contractor (*Catalano* v. *George ·F. Watts Corp.* 255 Mass. 605); to prevent such an action against one subcontractor by the employee or insurer of another (*Dresser* v. *New Hampshire Structural Steel Co.* 296 Mass. 97; see also *Pimental* v. *John E. Cox Co. Inc.* 299 Mass. 579, 582); and to prevent such an action by one employee, or an insurer paying him compensation, against another employee. *Bresnahan* v. *Barre*, 286 Mass. 593. *Caira* v. *Caira*, 296 Mass. 448.

The waiver of rights of action at common law under G. L. (Ter. Ed.) c. 152, § 24, assumes an injury which is compensable under the workmen's compensation act. The Legislature intended indeed to make it difficult for either employer or employee to escape from the system of personal injury insurance provided by the act. *Young* v. *Duncan*, 218 Mass. 346, 349. *McDonnell* v. *Berkshire Street Railway*, 243 Mass. 94. But the Legislature did not intend to deprive an employee of a right of action at common law without giving him a right to compensation under the act. In *Zygmuntowicz* v. *American Steel & Wire Co. of New Jersey*, 240 Mass. 421, 424, the immunity of an insured employer to an action by one employee for an assault by another, was put on the ground that the resulting injury was compensable. See also *White* v. *E. T. Slattery Co.* 236 Mass. 28, 31; *Cameron* v. ·*State Theatre Co.* 256 Mass. 466; *Caira* v. *Caira*, 296 Mass. 448. On the other hand, where a personal injury to an employee who has reserved no common law rights is not of a compensable class, he may recover at

common law from his employer provided he can show a breach of duty. *Ross* v. *John Hancock Mutual Life Ins. Co.* 222 Mass. 560. *White* v. *Checker Taxi Co.* 284 Mass. 73, 75. When the immunity from common law action for personal injury becomes extended to those who are working in various capacities under a "common employer" who is "an insured person," that immunity is granted, as in the simple case of a single employer and his employee, only where the personal injury is a compensable one. *Cozzo* v. *Atlantic Refining Co.* 299 Mass. 260, 262–263. In the present case the facts found show that the plaintiff's injury was compensable. Indeed, compensation was actually paid for it.

The main question in the present case is the one left undecided in *Catalano* v. *George F. Watts Corp.* 255 Mass. 605, namely, whether the immunity of a subcontractor under such a common employment to an action for personal injuries, brought by an employee or the insurer of the general contractor, extends to an uninsured subcontractor. We think it an immaterial circumstance that the subcontractor is insured or uninsured.

The work done by the defendant in transporting pipes could be found, and evidently was found by the trial judge, to be within the common employment, "part of the work comprised in" the general contract (§ 18), and not work done under a contract "which is merely ancillary and incidental to" but not "part of or process in, the trade or business carried on by the insured" general contractor. *Comerford's Case*, 229 Mass. 573. See also *Cozzo* v. *Atlantic Refining Co.* 299 Mass. 260; *Willard* v. *Bancroft Realty Co.* 262 Mass. 133. Likewise the place of the injury could be found to have been "on, in or about" premises "under the control or management of the insured" general contractor to the extent necessary for the performance of the work, as well as premises on which the subcontractor "has undertaken to execute the work for the insured." § 18. *Mikaelian* v. *Palaza, ante,* 354. The defendant was not a "person other than the insured" (§ 15), and was immune from lia-

bility in the circumstances. The finding of the trial judge for the defendant was not erroneous.

> *Order of Appellate Division reversing and vacating finding for defendant, and ordering judgment for plaintiff, reversed.*
> *Judgment for defendant on the finding.*