Adlow, J.
Action of tort for negligence. The plaintiff at the time of his injury worked as a helper on a truck owned by a resident, of Ohio. The defendant corporation processes wool and operates a warehouse in Boston. To assist its employees in raising bales to the various. floors in the building a contrivance known as a “whip” was affixed to the outside of its building. This whip consisted of pulleys, rope, and tongs. By securing the bales with the tongs and pulling the rope through the pulleys, the *531 bales were lifted to the desired floor. While the plaintiff was standing on the back of his truck and assisting the workmen of the defendant in unloading bales of wool from this truck he was injured by the tongs due to the negligence of the defendant’s employees. Both the defendant corporation and the plaintiff’s employer were covered by Workmen’s Compensation Insurance and the plaintiff has already received the sum of $32. from the insurer of his own employer. In this common law action for negligence he seeks to recover against the defendant corporation for his injuries. At the close of the evidence the defendant requested the court to rule that “the work carried on by the plaintiff was a part of the process in the trade or business carried on by the defendant and not merely ancillary or incidental thereto”. The court refused to so rule stating, “A question of fact is involved as to which I find otherwise”, and found for the plaintiff. An extensive and complete memorandum of findings was filed by the court which found the facts substantially in accordance with the recital above.
To the extent that the court’s findings concerned facts material to the issue they are conclusive on the parties and not open to review. Where these findings represent the legal consequences attached to these facts by the court they represent rulings of law. As such they are open to review. We cannot agree with the ruling of the court that the plaintiff was injured while performing an act ancillary and incidental to defendant’s business. The business of the defendant could not be carried on unless raw wool was delivered to its processing plant. The transportation of wool to and from the defendant’s warehouse was inextricably identified with its business. To distinguish legally between the act of delivery and the act of acceptance of the same shipment is to disregard the patent facts *532 of the situation. Equally difficult is it to reconcile with the ruling this specific finding of the court in its memorandum: “I find that when the hooks were attached to the hales, the defendant took control and raised them from the truck and with the assistance of the plaintiff swung them into the warehouse”. This finding of fact compels the conclusion that the plaintiff’s injury was suffered in the course of the defendant’s business. If an employee of the defendant had been injured under identical circumstances, the employee would have been restricted to his rights under the Workmen’s Compensation Act, in the absencé of a reservation of his common law rights. Similarly with respect to an employee of a sub-contractor who enjoys similar rights under the provisions of our act. Gen. Laws (Ter. Ed.) Chap. 152, §18. When the employee of an insured sub-contractor is injured by the negligence of the employees of the general contractor engaged in the same enterprise and the general contractor is insured, his remedy is under the act and he cannot sue the general contractor in tort, and if paid compensation hy the insurer of his employer he has no action at law against the general contractor. Bindbeutal v. Willcott & Sons Co., 244 Mass. 195 at 197, Miller v. Richards, 1940 Adv. Sh. 507. The remedy afforded by the Workmen’s Compensation Act is exclusive and not cumulative, and if a workman’s injury occurred under circumstances that would have made the insurer for the defendant liable to the plaintiff, then the plaintiff, in the absence of a reservation of his. common law rights, would be precluded from asserting such rights.
We are unable to distinguish the facts in this case from those already considered in the opinion of this court in the .case of Joseph F. McCann v. The Jarka Corporation of Boston, 4 A. D. R. 484. Finding for the plaintiff vacated.

Judgment to be entered for the defendant.

Mr. Justice Gillen dissents.