MICHAEL PENDAR *vs.* THE H. & B. AMERICAN MACHINE CO.

JUNE 11, 1913.

PRESENT:   Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Conflict of Laws.   Negligence.   Employers' Liability Acts.*

The law of the place where the injury was received determines whether a right of action exists, and if the *lex loci* gives a right of action comity permits it to be prosecuted in another jurisdiction, but if under the *lex loci* no right of action exists, then it cannot be prosecuted in any jurisdiction, and this is true, although the act or omission to act might have been actionable if occurring in the jurisdiction of the forum.

*(2) Conflict of Laws. Negligence. Employers' Liability Acts.*

Where an accident occurred in a foreign jurisdiction, under whose laws plaintiff waived his right to bring a common law action to recover by failing to give notice in writing to his employer at the time of the hiring that he claimed his right to bring such action, plaintiff cannot bring in this State an action at common law to recover for the injury.

TRESPASS ON THE CASE. Heard on exceptions of plaintiff and overruled.

BAKER, J. This is an action at common law brought by Michael Pendar, of Central Falls, in this State, against The H. & B. American Machine Company, described in the declaration as "a corporation duly created and having a usual place of business in the city of Pawtucket, in said State." The declaration alleges, in substance, that on the 20th day of July, 1912, at said Pawtucket, the plaintiff, while then and there employed by the defendant and while then and there in the performance of his duties as such employee in loading or unloading "a certain appliance, machine or buggy, so-called," and while in the exercise of due care, was injured in consequence of the negligence of the defendant corporation. The declaration contains two counts. The first alleges the buggy to be unsafe, the second that the floor about the buggy was unsafe. To the declaration the defendant pleaded the general issue and also a special plea in which it says that the plaintiff ought not to recover because "the place where said plaintiff was employed as a servant by said defendant and the place where said plaintiff entered upon and continued his said employment as said servant of said defendant and the place where the plaintiff's said injuries, as alleged in the two counts of his said declaration, were sustained, was and is in the town of Attleboro, in the Commonwealth of Massachusetts, and not within the limits of the State of Rhode Island; that under the law of said Commonwealth of Massachusetts, in force at the time of the making of said plaintiff's said contract of employment and also in force at the time when

said plaintiff's said injuries were so sustained, if an employee of a "subscriber" or of a holder of an insurance policy in a liability insurance company authorized to do business in said Massachusetts, insuring the employer's liability to pay compensation for liabilities as provided in Part II of Chapter 751 of the acts of 1911 of the Massachusetts Legislature, shall not have given his employer at the time of his contract of hire notice in writing that he claimed the right of action at common law to recover damages for personal injuries, such employee shall be held to have waived his right of action at common law; that at the time when said plaintiff so made his said contract of hire with said defendant said defendant was and continued to be up to the time when and after said plaintiff sustained his said injuries a "subscriber" and a holder of an insurance policy in a liability insurance company so authorized insuring said defendant's liability to pay said compensation hereinbefore referred to; that before the time of said plaintiff's said contract of hire, the said defendant posted printed notice that it had provided for the payment of said compensation to injured employees at one of the principal entrances to said defendant's factory, where said plaintiff was later employed as aforesaid, and in each room thereof where labor was employed, which said notice said defendant so maintained from the time of posting thereof up to and after the time when said plaintiff's said injuries were sustained; and that said plaintiff at the time of his said contract of hire, nor at any time thereafter, did not give to said defendant notice in writing that he claimed his right of action at common law to recover damages for personal injuries."

The plaintiff demurred to said special plea and stated the grounds of his demurrer, as follows: "1.   That so far as appears in or by said plea there is nothing that defeats the jurisdiction of this court over parties to said action. 2.   That so far as appears in or by said plea there is nothing that defeats the jurisdiction of this court over the sub-

ject-matter of said action. 3. That so far as appears in or by said plea the law of the Commonwealth of Massachusetts therein referred to does not extinguish the plaintiff's said right of action. 4. That so far as appears in or by said plea the law of the Commonwealth of Massachusetts therein referred to does not bar the plaintiff from maintaining his said action."

And in the event that said demurrer should be overruled the plaintiff filed his replication to said plea setting up "that the place where the said plaintiff was employed as a servant by said defendant and the place where said plaintiff entered upon and continued his said employment as said servant of said defendant and the place where the said injuries as alleged in the two counts of his said declaration were sustained was and is within the limits of the State of Rhode Island and not in the Commonwealth of Massachusetts."

The plaintiff's demurrer was overruled and his exception noted. Hearing was had on the replication to the special plea, jury trial being waived, and there was decision for defendant and plaintiff excepted thereto. The case is now before this court on plaintiff's bill of exceptions which contains only the exception to the decision overruling plaintiff's said demurrer.

(1) The important question raised by the demurrer is whether the Massachusetts law pleaded in this case, as applied to the facts set out in the special plea, extinguishes the plaintiff's right to maintain a common law action for the injuries received by him, as alleged in his declaration, so that he is barred from maintaining the present action. It is the law of this State and generally that the law of the place where the injury was received determines whether a right of action exists. If, under the *lex loci* there be a right of action, comity permits it to be prosecuted in another jurisdiction. But if under the *lex loci* no right of action is created or exists, then it exists nowhere and can be prosecuted in no jurisdiction. This doctrine has been recognized and accepted by this court in the case of *O'Reilly* v. *Rail-*

*road Co.*, 16 R. I. 388.  That was an action brought for an injury received in Massachusetts resulting in death through defendant's negligence.  It was not pleaded that the action survived under the law of Massachusetts.  The court says: "The cause of action accrued in Massachusetts under and by virtue of the law in force there, and if under the law of that state the action no longer exists there, it no longer exists here. . . . It is not strict right but comity which enables a person, who has been tortiously injured in one state to sue for damages for the injury in another, and, of course after the cause of action has become extinct where it accrued it cannot, as a mere matter of comity, survive elsewhere."  See, also, *Connor* v. *N. Y., N. H. & H. R. R. Co.*, 28 R. I. 560, 562.  This has been generally accepted as the law in such cases.

In *Burns* v. *Grand Rapids & I. R. Co.*, 113 Ind. 169 at 176, the court says:  "All the cases agree that whatever the law of the forum may be, the plaintiff's case must stand, if at all, so far as his right of action is concerned, upon the law of the place where the injury occurred.  Unless the alleged wrong was actionable in the jurisdiction in which it was committed there is no cause of action which can be carried to and asserted in any other jurisdiction."  See, also, *Baltimore & Ohio S. W. R. Co.* v. *Reed,* 158 Ind. 25; *Alabama G. S. R. Co.* v. *Carroll,* 97 Ala. 126;  *Turner* v. *St. Clair Tunnel Co.*, 111 Mich. 578;  *Chicago & E. I. R. Co.* v. *Rouse,* 178 Ill. 132;  *Davis* v. *N. Y., N. E. R. R. Co.,* 143 Mass. 301.

The situation is the same, although the act or omission to act might have been actionable if occurring in the jurisdiction of the forum.  *Chicago R. I. & Pacific R. R. Co.,* v. *Thompson,* 100 Texas, 185, 7 L. R. A. (N. S.) 191;  *Boston & Maine R. R. Co.* v. *Hurd,* 108 Fed. Rep. 116 at 125, 56 L. R. A. 196.

The exception to this is that under the principles of comity an action will not be permitted to be prosecuted if it would violate the public policy of the forum.

It is obvious, therefore, that the right of the plaintiff to maintain this action in Rhode Island is determined by the fact as to whether or not he has such right in Massachusetts. The demurrer admits the law of Massachusetts to be corrrectly pleaded and also admits, for the purpose of the hearing, the alleged statement of facts in the plea to be true. Upon such admissions it is evident that the plaintiff has waived in Massachusetts his right to bring and maintain a common law action to recover for the injuries alleged in the declaration by failing at the time of his said hiring to give notice in writing to the defendant that he claimed his right to bring such action. In other words, by such failure to give notice he made his choice of remedy so that his right to maintain a common law action for such injuries was relinquished and given up and no longer exists. The terms of the law are explicit and there is no ground to question that such is its plain purpose and meaning. If the act in question be constitutional the plaintiff had, when the present action was brought, no right to maintain such action in Massachusetts and, therefore, had no right of action in Rhode Island. But the provision of said act respecting the waiving of the right of action at common law in Massachusetts has been held to be constitutional by the Supreme Judicial Court of that state in Opinion of the Justices, 209 Mass. 607, 610, 611. The court says: "We see nothing unconstitutional in providing . . . as is done in Part I, Sec. 5, that the employee shall be deemed to have waived his right of action at common law if he shall not have given notice to his employer as therein provided. The effect of the provisions referred to is to leave it to the employee's option whether he will or will not waive his right of action at common law. . . . By subscribing to the association an employer voluntarily agrees to be bound by the provisions of the act. The same is true of an employee who does not choose to stand upon his common law rights. An employer who does not subscribe to the association will no longer have the right in an action by his employee

against him at common law to set up the defence of contributory negligence; of assumption of the risk or to show that the injury was caused by the negligence of a fellow servant. In the case of an employee who does not accept the compensation provided for by the act and whose employer has become a subscriber to the association an action no longer can be maintained under the employers' liability act. But these considerations do not constitute legal compulsion of a deprivation of fundamental rights."

As Workmen's Compensation Acts are of comparatively recent enactment it is not to be expected that many court decisions can be found on the point here considered. However, the Employers' Liability Act of New Jersey, which contains an optional provision similar to that of Massachusetts, has recently been considered by the Supreme Court of New York in *Albanese* v. *Stewart, et al.,* 138 N. Y. Supp. 942. Plaintiff brought a common law action in New York to recover damages for injuries received in New Jersey. The defendants pleaded the New Jersey act to which pleas the plaintiff demurred. The court in its opinion says: "This is a common law action brought by the plaintiff, a servant, against his master to recover damages for personal injuries sustained in the course of his employment in the State of New Jersey. The separate defences are based on the Workmen's Compensation Act of the State of New Jersey. It is conceded that the act was in force at the time of the accident and that ordinarily the liability of the defendant would be governed by the laws of New Jersey. The first separate defence in the answer sets forth that the provisions of the statute constitute a contract between the plaintiff and the defendant, whereby the plaintiff agreed to accept and the defendant agreed to pay a certain sum of money in case of injury occurring to the plaintiff, while performing duties in the course of his employment; that each party agreed to waive all questions of the negligence of either and to be bound solely by the terms of the statute. . . . The New Jersey act is

not a compulsory statute. It is a so-called optional or elective statute. . . . The statute becomes compulsory only in the event that neither party disaffirms it. . . . The accident happened in the State of New Jersey and as the liability of the defendant is governed by the law of that state I think the demurrer should be overruled."

The constitutionality of the New Jersey act was upheld by the Supreme Court of that state in *Sexton* v. *Newark District Telegraph Co.*, 86 Atl. Rep. 451.

We, therefore, reach the conclusion that the plaintiff is not entitled to bring and prosecute in this State the common law action under consideration, as by his own act his right thereto has been extinguished in the state where the injury was received. His exception to the decision of the Superior Court overruling his demurrer is overruled and the case is remitted to the Superior Court for the entry of judgment on the decision.

*Thomas L. Carty*, for plaintiff.
*Boss & Barnefield*, for defendant.