WARTEN v. BROWN et al.

(Circuit Court of Appeals, Fifth Circuit. March 7, 1918.)

No. 3068.

GAMING ⬦═2—RECOVERY OF MONEY—WHAT LAW GOVERNS.

    Code Ala. 1907, § 3353, declaring that money paid on futures may be recovered, has no application to transactions occurring without the borders of the state, and furnishes no right of recovery, even though the action on the transaction was brought in the federal District Court for Alabama.

In Error to the District Court of the United States for the Northern District of Alabama; Wm. I. Grubb, Judge.

Action by F. G. Brown, John Douglass, and Herman Blum, heretofore copartners doing business under the firm name of Brown, Douglass & Blum, for the use of Herman Blum, transferee, against L. M. Warten, as surviving partner of the firm of H. & L. M. Warten, who pleaded a set-off. There was a judgment for plaintiffs, and defendant brings error. Affirmed.

W. R. Walker, of Athens, Ala., for plaintiff in error.

S. L. Sinnott and J. T. Stokely, both of Birmingham, Ala., for defendants in error.

Before WALKER and BATTS, Circuit Judges, and FOSTER, District Judge.

WALKER, Circuit Judge. Brown, Douglass & Blum, a firm engaged in business in New Orleans, La., at the request of H. & L. M. Warten, made payments to third persons having demands against H. & L. M. Warten, which the latter desired to satisfy. This suit was brought against the surviving partner of H. & L. M. Warten to recover the amounts for which that firm so became indebted. By way of set-off and cross-demand the defendant set up that Brown, Douglass & Blum were liable to him as surviving partner for an amount greater than that sued for, which was lost in alleged gambling cotton futures transactions of H. & L. M. Warten with Brown, Douglass & Blum in New Orleans. The law relied on to support this cross-demand is the following Alabama statute:

    "*Money Paid on 'Futures' may be Recovered.*—Any money or thing paid or delivered to any person, whether as principal, agent, or broker, in furtherance or settlement of any contract made in violation of this article, may be recovered in any action brought by the person paying the same, his wife or child." Code of Alabama 1907, § 3353.

This statute does not purport to govern, or to determine the legal consequences of, transactions occurring outside of the state of Alabama. As above stated, the alleged gambling transactions relied on occurred in the state of Louisiana. The legal consequences of those transactions are to be determined by the law of that state. It is not

contended that the law of Louisiana gives a right of action to recover money lost in gambling in "futures." What is asserted by way of cross-demand amounts to a claim that under an Alabama statute a right of action arose out of transactions in Louisiana, though under the law of the latter state those transactions did not have that effect. A claim that a transaction gave rise to a right of action cannot be sustained, if the law of the place where the transaction occurred did not give to it the effect of bringing into existence the liability asserted. A right of action which is the creature of an Alabama statute does not arise out of an occurrence happening in the state of Louisiana. Unless by the law of the place where an act is done it gives rise to an asserted civil liability, that liability does not exist there or elsewhere. Slater v. Mexican National R. R. Co., 194 U. S. 120, 24 Sup. Ct. 581, 48 L. Ed. 900; Alabama Great Southern R. Co. v. Carroll, 97 Ala. 126, 134, 11 South. 803, 18 L. R. A. 433, 38 Am. St. Rep. 163; Pendar v. H. & B. American Machine Co., 35 R. I. 321, 87 Atl. 1, L. R. A. 1916A, 428; 12 Corpus Juris, 452, 453. It is not material that the liability would have been imposed by the law of the state in which redress is sought, if the transaction on which the claim is based had happened there.

The conclusion is that the court was not in error in ruling against the above-mentioned cross-demand.

The judgment is affirmed.