Rescript Opinions.

PHILIP W. PRENEVEAU [1] vs. E. A. WILSON Co. & another. [2] January 5, 1968.
    The sole question is whether there was error in directing verdicts for the
defendants on the ground that G. L. c. 152, § 18, bars the action. The plaintiff
was an employee of Coleman which, under its contract with the Common-
wealth to build substructures for a bridge across the Merrimack River, erected
cofferdams into each of which concrete was poured from a "transit mix"
truck on the river bank by means of a steel chute extending from the river
bank to the cofferdam. Attached to the rear of the truck was a chute (four
or five feet long) which was hinged so that it could be swung out from the
truck and "lined up" with the steel chute, one end of which rested on I-beams
on the river bank. There was thus gravity flow of the concrete from the
truck to the cofferdam. Wilson was under contract to supply concrete to
Coleman for the job. Coleman's despatcher told Barton where to deliver
concrete each day. The plaintiff's job was to guide the truck into position
by hand signals to Barton and then to unfasten and swing out the truck chute.
About 7 A.M. on August 28, 1962, while the plaintiff was going behind the
stopped truck to unfasten the chute, the truck rolled back and injured him.
It is undisputed that the injury took place in or about the premises where
Coleman was doing its work, that both Coleman and Wilson are insured,
that the plaintiff had not reserved his common law rights, and that he has
received benefits under the act. We think it is plain that under G. L. c. 152,
§ 18, as construed and discussed in *McPadden* v. *W. J. Halloran Co.* 338
Mass. 189, there was "common employment." The verdicts were correctly
directed.

                                                        *Exceptions overruled.*
    *Andrew G. Meyer (Wendell J. Leary* with him) for the plaintiff.
    *John F. Finnerty* for the defendants.


FRANCIS DORAN vs. A. B. MADDISON Co., INC. & others. January 11, 1968.
On the record of this case as it has reached us it is impossible to determine
whether there was liability on the part of any of the defendants, for all of
whom the judge directed verdicts at the conclusion of the evidence. The
evidence left it wholly a matter of conjecture whether any defendant was
responsible for an alleged window defect which caused the injury to the
plaintiff.

                                                        *Exceptions overruled.*
    *Anthony P. Gargiulo* for the plaintiff.
    *Warren J. O'Brien* for A. B. Maddison Co., Inc.
    *Robert W. Cornell* for R. M. Bradley & Co., Inc. & others.