[Civ. No. 31607. Second Dist., Div. Two. June 5, 1968.]

DONALD E. HOWE, Plaintiff and Appellant, v. DIVERSIFIED BUILDERS, INC., et al., Defendants and Respondents.

Belli, Ashe, Gerry & Ellison, Irmas & Rutter, Lillian Finan and William A. Rutter for Plaintiff and Appellant.

Waters, McCluskey & Corcoran, Gerald E. McCluskey and Henry F. Walker for Defendants and Respondents.

HERNDON, Acting P. J.—Appellant, a resident of Nevada, brought this action seeking to recover damages for personal injuries sustained by him in the course of performing his work as a welder on a construction project in the State of Nevada. Defendants and respondents are California corporations and were the general contractors on this project. The work in which appellant was engaged at the time of his injury was being performed pursuant to a contract between him and respondents, the terms of which were such as to classify him as a subcontractor under the pertinent provisions of Nevada's workmen's compensation law.

The trial court granted respondents' motion for a summary judgment upon the basis of its holding as a matter of law that Nevada's Industrial Insurance Act governed in determining the rights and duties of the parties and provided the exclusive remedy available to appellant. The trial court accordingly decided that appellant had no right to maintain this civil action for damages. We have concluded that the controlling law was correctly applied by the court below and that its judgment should be affirmed.

Appellant states his contentions as follows: (1) The trial court should have applied California law, rather than Nevada law, to the issues raised in this litigation. (2) Applying the *lex fori*, an independent contractor is not subject to workmen's compensation law, and hence is free to maintain a common law negligence action against defendant general contractors. (3) Even assuming the *lex loci* applies, the Nevada law does not bar plaintiff's action since he has rejected benefits thereunder. (4) Nevada's law, purporting to establish an "exclusive" remedy, cannot oust the California court of jurisdiction.

Appellant concedes that the determinative facts are not in dispute. Appellant is, and for at least five years prior to the accident giving rise to the present litigation was, a resident of the State of Nevada. During this period appellant has been engaged in the occupation of a welder operating under the name "Howe's Welding Service" in Las Vegas, Nevada. Pursuant to an oral contract with respondents, appellant was performing welding services on the construction site of the Stardust Hotel in Las Vegas on December 10, 1963, when he was injured by a falling scaffold plank. As has been stated,

respondents are California corporations and were the general contractors of this construction project. For purposes of the present motion the parties stipulated that appellant might be deemed an independent subcontractor.

The Nevada Industrial Insurance Act (N.R.S., ch. 616) constitutes Nevada's workmen's compensation law. It provides for a state controlled and operated fund and it establishes the exclusive remedy for all industrial injuries coming within its terms. Pertinent sections thereof provide as follows:

Section 616.085: "Subcontractors and their employees shall be deemed to be employees of the principal contractor."

Section 616.105: "'Independent contractor' means any person who renders service for a specified recompense for a specified result, under the control of his principal as to the result of his work only and not as to the means by which such result is accomplished."

Section 616.115: "'Subcontractors' shall include independent contractors."

Section 616.285: "Where an employer has in his service two or more employees under a contract of hire, except as otherwise expressly provided in this chapter, the terms, conditions and provisions of this chapter for the payment of premiums to the state insurance fund and, except as further otherwise provided, to the accident benefit fund, for the payment of compensation and the amount thereof for such injury sustained by an employee of such employer, shall be conclusive, compulsory and obligatory upon both employer and employee."

Section 616.270: "1. Every employer within the provisions of this chapter, and those employers who shall accept the terms of this chapter and be governed by its provisions, as in this chapter provided, shall provide and secure compensation according to the terms, conditions and provisions of this chapter for any and all personal injuries by accident sustained by an employee arising out of and in the course of the employment.

"2. In such cases the employer shall be relieved from other liability for recovery of damages or other compensation for such personal injury, unless by the terms of this chapter otherwise provided."

Section 616.370: "1. The rights and remedies provided in this chapter for an employee on account of an injury by accident sustained arising out of and in the course of the employment shall be exclusive, except as otherwise provided in this

chapter, of all other rights and remedies of the employee, his personal or legal representatives, dependents or next of kin, at common law or otherwise, on account of such injury.

"2. The terms, conditions and provisions of this chapter for the payment of compensation and the amount thereof for injuries sustained or death resulting from such injuries shall be conclusive, compulsory and obligatory upon both employers and employees coming within the provisions of this chapter."

It is immediately apparent that respondents, as employers of more than two employees, and appellant, as a subcontractor rendering services to respondents, come within the terms of the act and, so far as the State of Nevada is concerned, it provides the exclusive measure of their respective rights and liabilities in the premises. Respondents had complied with the terms of the act and appellant received an award thereunder. (*Titanium Metals Corp. of America* v. *Eighth Judicial Dist. Court*, 76 Nev. 72 [349 P.2d 444]; *Simon Service Inc.* v. *Mitchell*, 73 Nev. 9 [307 P.2d 110].)

Appellant, however, contends that since respondents are California corporations, he should be permitted to recover from them in this commonlaw negligence action because California's workmen's compensation law does not classify independent contractors as employees. We reject this contention as unmeritorious.

■ Appellant, of course, is correct in urging that "the law of the place of the wrong is not necessarily the applicable law for all tort actions brought in the courts of this state." (*Reich* v. *Purcell*, 67 Cal.2d 551, 555 [63 Cal.Rptr. 31, 432 P.2d 727].) Further, as pointed out by the court in *Reich*, page 553: "In a complex situation involving multi-state contacts . . . no single state alone can be deemed to create exclusively governing rights. [Citations.] The forum must search to find the proper law to apply based upon the interests of the litigants and the involved states. Such complex cases elucidate what the simpler cases obscured, namely, that the forum can only apply its own law. [Citations.] When it purports to do otherwise, it is not enforcing foreign rights but choosing a foreign rule of decision as the appropriate one to apply to the case before it."

■ However, these considerations are of no benefit to appellant herein. This is not a complex situation involving multi-state contacts and California has no interest in extending to Nevada residents greater rights than are afforded them

by the state of their domicile. At all relevant times appellant was, and now is, domiciled in Nevada; the contract under which he engaged to render services was entered into in Nevada; the services were performed exclusively in Nevada; the injury occurred in Nevada; and if appellant or his family were to become economic burdens by reason of his incapacity, such burden would fall upon the State of Nevada. (Cf. *Travelers Ins. Co.* v. *Workmen's Comp. Appeals Board*, 68 Cal.2d 7, 12 et seq. [64 Cal.Rptr. 440, 434 P.2d 992].)

California's sole "contact" with the subject matter of the instant proceeding is the happenstance that respondents are California corporations. However, as previously indicated, no California "interest" would be promoted by impairing the ability of California corporations to compete for business in other states by imposing upon them obligations to the residents of such states which those states do not impose upon foreign corporations or their own domestic corporations. Therefore, although "California has rejected the traditional mechanical solutions to choice-of-law problems," it is clear that the trial court correctly "adopted foreign law" in granting respondents' motion for summary judgment because "it is appropriate in light of the significant interests in the particular case." (*Travelers Ins. Co.* v. *Workmen's Comp. App. Bd., supra,* p. 11.)

In an effort to avoid the compelling logic of this conclusion, appellant, following the filing of respondents' motion for summary judgment, entered into a "Mutual Rescission Agreement" with the Nevada Industrial Accident Commission. By this agreement the parties thereto purported to rescind the award previously made to appellant and he promised to return to the commission "on demand" the moneys he had received thereunder. In addition, appellant agreed to give the commission "a lien on his cause of action" in the instant case and promised "that the first monies obtained, either by way of settlement or judgment on the aforesaid case, shall be paid to the STATE OF NEVADA INDUSTRIAL COMMISSION forthwith."

Whatever else might be said in regard to this remarkable agreement, it is self-evident that neither appellant nor the commission has the power to create a cause of action in the State of California in favor of Nevada residents against California residents or California corporations which would not exist in Nevada against its own residents or corporations. The

agreement states that "the grounds for the aforesaid rescission are as follows:

"1. That DONALD E. HOWE accepted the benefits, among other reasons, under the mistake of fact that he could accept the benefits and still proceed against the contractor in a court of law, giving the Commission a lien thereon.

"2. That DONALD E. HOWE was a sub-contractor on the job and had no intention at any time of waiving his rights as a sub-contractor to sue the general contractor for the injuries he suffered, in a court of law."

The patent defects in these grounds are obvious. Under the Nevada Industrial Insurance Act appellant, as a subcontractor, had no right to sue the general contractor in a court of law and hence his purported waiver thereof is meaningless. In addition, appellant's lack of right to proceed against the contractor in a court of law is not the result of his having "accepted the benefits" of the Nevada commission's award. Except in one instance not applicable here, Nevada employees (which term includes subcontractors) are not given a right to accept or reject the terms of the act. If their employer complies with the provisions thereof, "the employer shall be relieved from other liability for recovery of damages or other compensation for . . . personal injury" (N.R.S., § 616.270-(2)), and " [t]he rights and remedies provided [by the act] . . . for an employee on account of an injury . . . sustained arising out of and in the course of the employment *shall be exclusive, . . . of all other rights and remedies of the employee, . . . at common law or otherwise, on account of such injury.*" (Italics added.) (N.R.S., § 616.370(1).)

We are not called upon here to consider what rights a California resident working in Nevada as a subcontractor under a contract entered into in California might have in the courts of California against a general contractor. As noted earlier, California's decision to adopt or not to adopt the law of another state is not dependent upon whether or not the law of the other state purports by its terms to be "exclusive." In the instant action the trial court properly adopted Nevada law because California has no interest in the subject matter of the action which would warrant its extending to Nevada residents rights to which they are not entitled by the state of their domicile; particularly where to do so would discriminate invidiously against California employers engaged in business in Nevada. That Nevada engages in no such discriminatory practices is clear from its Supreme Court's decision in *Tita-*

*nium Metals Corp. of America* v. *Eighth Judicial Dist. Court, supra,* 76 Nev. 72, [349 P.2d 444]. The principal contractor therein, in whose favor a writ of prohibition was issued enjoining the proceedings in two civil actions brought against it by the employees of a subcontractor, was a Delaware corporation.

Finally, in an effort to establish a basis for his right to reject the provisions of the Nevada Industrial Insurance Act, appellant urges that he comes within the terms of sections 616.290 and 616.295 thereof. These clearly inapplicable sections provide:

Section 616.290: ''1. Any employer not otherwise coming within the provisions of this chapter as defined and provided by NRS 616.275 and 616.285, who employs less than two employees under a contract of hire, may elect to come within the terms, conditions and provisions of this chapter by filing with the commission a written statement that he accepts the provisions of the chapter, which, when filed, shall operate to subject him to the provisions of the chapter and of all acts amendatory thereof, until he shall thereafter file in the office of the commission a notice in writing that he withdraws his election.

''2. Any employer, as in this section provided, having come under this chapter, who thereafter elects to reject the terms, conditions and provisions thereof, shall not be relieved from the payment of premiums to the commission prior to the time his notice of rejection becomes effective. The premiums may be recovered in an action at law as provided in this chapter.''

Section 616.295: ''1. Any employee in the service of any employer as provided in NRS 616.290, shall be deemed to have accepted, and shall be subject to, the provisions of this chapter and of any acts amendatory thereof if at the time of the accident for which compensation in claimed:

'' (a) The employer charged with such liability is subject to the provisions of this chapter, whether the employee has actual notice thereof or not; and

'' (b) The employee shall not have given to his employer and to the commission notice in writing that he elects to reject the provisions of this chapter.

''2. Any employee who has rejected the provisions of this chapter may at any time thereafter elect to waive the rejection by giving notice in writing to his employer and to the commission which shall become effective when filed with the commission.''

Appellant argues that since he, as a "self-employed independent contractor," employs fewer than two employees, he, as an employee of the general contractor, can reject the terms of the act. It is apparent, of course, that respondents, not appellant, are the "employer" referred to in the act and since respondents employed more than two employees, including appellant, the terms of the' act are "conclusive, compulsory and obligatory upon both employer and employee." (N.R.S., § 616.285.) Whatever appellant and his sole employee, if he had one, might have decided, *inter sese,* with regard to the act, their decision would have no effect upon the relationship between themselves and respondents. "Subcontractors and their employees shall be deemed to be employees of the principal contractor." (N.R.S., § 616.085.)

In addition, even if the terms of sections 616.290 and 616.295 might be tortured into giving some semblance of applicability to the instant situation, appellant would still be "deemed to have accepted, and [would] be subject to, the provisions of [the act]" since "at the time of the accident" he had not "given to his employer and to the commission notice in writing that he elect[ed] to reject the provisions . . ." (N.R.S. § 616.295(1)(b).)

The judgment is affirmed.

Fleming, J., and Nutter, J. pro tem.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.