NORMAN BROWN, JR. *vs.* MARR EQUIPMENT CORPORATION.

Suffolk.   February 5, 1969. — April 23, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Workmen's Compensation Act,* Common employment.

The doctrine of common employment barred recovery from an equipment
    corporation, which had received an order for a crane and operator from
    one who had previously received an order therefor from a subcontractor
    doing concrete work for a general contractor, for alleged negligence of
    the corporation's crane operator causing personal injuries to an em-
    ployee of a subcontractor doing masonry work for the same general
    contractor, where it appeared that both subcontractors were engaged
    in construction of the same building, that the injured employee had
    not reserved his common law rights and had accepted workmen's
    compensation benefits under G. L. c. 152 from his employer, and that
    the latter and the general contractor were insured under c. 152.

TORT.   Writ in the Superior Court dated May 15, 1963.
The action was reported by *Pecce,* J.

*Paul R. Sugarman* (*Neil Sugarman* with him) for the
plaintiff.

*William J. McCluskey* (*Robert P. Bigelow* with him) for
the defendant.

REARDON, J.   The plaintiff sustained personal injuries on
July 30, 1962, allegedly caused by the negligent operation of
a crane by the defendant's servants.   This action in tort is
brought under G. L. c. 152, as amended, by a workmen's
compensation insurer in the name of the plaintiff.   A Su-
perior Court judge reserved decision and reported the case
on the pleadings, a statement of agreed facts, and the stipu-
lation of the parties respecting entry of judgment.   If the
facts stipulated warrant a finding for the plaintiff, judgment
for the plaintiff is to be entered in the sum of $15,000;
otherwise judgment is to be entered for the defendant.

Prior to July 30, 1962, Moss-Hill Construction Co., Inc.
(Moss-Hill), a Massachusetts corporation, as general con-

tractor undertook to construct a building in Brookline, Massachusetts. It subcontracted the masonry work to Pizzotti Bros., Inc., which employed the plaintiff on the job as a laborer. Concrete work was subcontracted by Moss-Hill to General Cement Company, which orally ordered a crane with an operator and an oiler from Lee Crane Service, Inc. Not having the type of crane necessary for the work, Lee Crane Service, Inc. placed an order with the defendant for such a crane, together with an operator and an oiler. The operator and the oiler arrived with the crane on July 30, 1962, on the job site.[1] The crane did not have a bucket. There was a 1-yard bucket on the site but the defendant's crane operator advised Moss-Hill's superintendent and employees of General Cement Company that a three-quarter yard bucket was the largest that should be employed. A search for such a bucket failed and General Cement Company and the defendant decided to use the larger 1-yard bucket but half fill it in lifting the cement. After about three hours of use, with employees of General Cement Company loading cement into the bucket at a point where the quantity loaded could not be seen by the crane operator seventy-five feet away (unless the bucket overflowed), a load was placed in the bucket which was so heavy that the crane started to tip. The operator lowered the bucket that the crane might not go over, and the bucket on its way down struck planks on a staging causing a piece of wood "to fly out and strike the plaintiff in the head." Moss-Hill, General Cement Company, Lee Crane Service, Inc., Pizzotti Bros., Inc., and the defendant had workmen's compensation insurance in accord with G. L. c. 152. The plaintiff, who had not reserved his common law rights, claimed and accepted workmen's compensation benefits under G. L. c. 152 from Pizzotti Bros., Inc.

The plaintiff has correctly framed the issue which is whether the plaintiff, employed by a subcontractor, is barred from recovering against the defendant when his im-

---

[1] The defendant never contracted directly with General Cement Company.

mediate employer and Moss-Hill, the general contractor, are insured against industrial accidents under G. L. c. 152. He argues vigorously that the Massachusetts doctrine of common employment enunciated over fifty years in our cases should be revised. See *White* v. *George A. Fuller Co.* 226 Mass. 1; *Bindbeutel* v. *Willcutt & Sons Co.* 244 Mass. 195; *Catalano* v. *George F. Watts Corp.* 255 Mass. 605; *Bresnahan* v. *Barre*, 286 Mass. 593. The doctrine has developed from successive interpretations of G. L. c. 152, §§ 15, 18 and 24, as amended, or their predecessors. One of the latest of such interpretations was *Preneveau* v. *E. A. Wilson Co.* 353 Mass. 766. The three sections of the General Laws to which there has been reference have on occasion been amended by the General Court.[2]

We are aware of the critical comments of textwriters on the Massachusetts doctrine: Locke, Workmen's Compensation, § 665; Larson, Workmen's Compensation Law, §§ 72.32–72.33. In view of its history and legislative interest in the sections of G. L. c. 152, whence it has come, it would seem that if the doctrine is to undergo revision such revision should be accomplished by the Legislature. Nor do we consider in holding for the defendant that we are engaging, as the plaintiff intimates, in extending the doctrine. In *Dresser* v. *New Hampshire Structural Steel Co.* 296 Mass. 97, it was held that suit by the employee of one subcontractor was barred against another subcontractor, which is substantially the situation in this case.

*Judgment for the defendant.*

---

[2] For example, § 15 was amended by St. 1929, c. 326, § 1; St. 1939, c. 401; St. 1943, c. 432; and St. 1965, c. 487, § 1A.
    Section 18 was amended by St. 1938, c. 102, and St. 1939, c. 93.
    Section 24 was amended by St. 1927, c. 309, § 2; St. 1943, c. 529, § 6; and St. 1955, c. 174, § 5.