290 A.2d 210.

J$_{ESSIE}$ K. B$_{USBY}$ *vs.* P$_{ERINI}$ C$_{ORPORATION}$ *vs.*
O$_{WEN}$ J. M$_{C}$G$_{ARRAHAN}$ C$_{O.}$

APRIL 24, 1972.

P$_{RESENT:}$ Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

J$_{OSLIN}$, J.   This is a torts conflicts case.   In a civil action

50

commenced in the Superior Court, Jessie K. Busby, an employee of the Owen J. McGarrahan Company, seeks damages from Perini Corporation for personal injuries suffered as a result of Perini's alleged negligence. Perini is a general contractor who was engaged to construct the Newport Bridge; McGarrahan was a subcontractor on that job; Busby is a resident of Massachusetts; both McGarrahan and Perini are Massachusetts corporations; and Busby's employment contract with McGarrahan was executed in that state as was McGarrahan's contract with Perini. The construction work on the bridge was necessarily performed in this state, and it is here that Busby, while working on the bridge project, sustained his incapacitating injury. For that incapacity, Busby received compensation benefits under applicable Massachusetts law and then commenced this action against Perini. To protect itself against the consequences of a possible adverse judgment, Perini impleaded McGarrahan as a third-party defendant. The primary case is here on Busby's appeal from a summary judgment in Perini's favor; the third-party proceeding on Busby's and Perini's appeals from a summary judgment for McGarrahan.[1]

It is clear, and the parties agree, that Massachusetts follows the "common employment" doctrine which imposes a workmen's compensation obligation upon an insured general contractor for a work-connected disability sustained by a subcontractor's employee and at the same time immunizes the general contractor from tort liability for that injury. *Brown* v. *Marr Equipment Corp.*, 355 Mass. 724, 247 N.E.2d 352 (1969); *Preneveau* v. *E. A. Wilson Co.*, 353 Mass. 766, 233 N.E.2d 203 (1968). *See* 23 Mass. Gen. Laws Anno., ch. 152, §§15, 18, 24 (1958). The parties also agree that the

---

[1]Although not pressed in this court, Busby, for reasons that the record fails to disclose, also appealed from the judgment in the third-party proceeding.

applicable law of this state apparently differs from the Massachusetts rule; that in Rhode Island recovery of compensation benefits by a subcontractor's employee does not bar our courts from awarding common law damages in a subsequent civil action brought by the worker against the general contractor; and that in a torts conflicts situation the full faith and credit clause of the Federal Constitution does not require the courts of this state to adhere to the exclusive remedy doctrine of a sister state's statutory law pursuant to which the injured worker was, or could have been, awarded compensation benefits. *Carroll* v. *Lanza,* 349 U. S. 408, 75 S.Ct. 804, 99 L.Ed. 1183 (1955).

Thus, being free of any constitutional compulsion, we face on this appeal a narrow question of choice of law. The choice is between the Massachusetts rule which would bar Busby's action, and our own law which permits a recovery of tort damages from a general contractor to be superimposed upon a prior compensation award.

In times not long past our reaction would have been mechanical, and we probably would have selected the local law of the "place of wrong," that is, the law of the state where the last event necessary to make Perini liable for the alleged tort to Busby took place. *Kwasniewski* v. *N. Y., N. H. & H. R. R.,* 53 R. I. 144, 164 A. 558 (1933); *Pendar* v. *H. & B. American Machine Co.,* 35 R. I. 321, 87 A. 1 (1913). Recently, however, we abandoned the vested rights approach under which the *lex loci delicti* invariably controlled in the choice of the applicable tort law. *Woodward* v. *Stewart,* 104 R. I. 290, 243 A.2d 917 (1968). Today we follow the rule enunciated by the Restatement (Second) of *Conflict of Laws* §145, and, wherever appropriate, we pass on the rights and liabilities of the parties with respect to an issue in tort in accordance with the local law of the state which, with respect to that issue, had the most significant relationship to the occurrence and the parties. *Brown*

v. *Church of Holy Name of Jesus,* 105 R. I. 322, 252 A.2d 176 (1969); *Woodward* v. *Stewart, supra.*

In addition we announced in the *Brown* and *Woodward* cases the factors and guidelines which would enter into our choice of law determinations. They require no repetition here. Suffice it to say that in applying those or comparable factors and guidelines to similar fact situations, the cases, as well as the texts, almost invariably say that a forum state, even though under no constitutional compulsion, will apply the law of a sister state immunizing a general contractor from a common law negligence action brought by a subcontractor's employee if under the laws of that state the injured employee has been awarded compensation. *Jonathan Woodner Co.* v. *Mather,* 210 F.2d 868 (D.C. Cir. 1954); *Howe* v. *Diversified Builders, Inc.,* 262 Cal. App.2d 741, 69 Cal. Rptr. 56 (1968); *Wilson* v. *Faull,* 27 N. J. 105, 141 A.2d 768 (1958); Restatement (Second) *Conflict of Laws* §184 (1971); 3 Larson, *Workmen's Compensation Law* §88.10 (1971).

While the forum states, in the cases cited, enforced the bar created by the exclusive remedy statute of a sister state, they reached that result by varying routes. Thus, in *Howe* the California court used "significant relationship" language when it said that "California's sole 'contact' with the subject matter of the instant proceeding is the happenstance that respondents are California corporations," and that to apply the bar of Nevada would be appropriate in the light of its significant interest in the case. *Howe* v. *Diversified Builders, Inc., supra,* at 746, 69 Cal. Rptr. at 59.

Both the *Wilson* and the *Woodner* cases follow different tacks. *Wilson* says that New Jersey will not choose the appropriate law by mechanically applying a "tort," "contract" or "employment relation" conflict of laws principle. Instead, its justification for imposing the bar is "the basic philosophy underlying the adoption of workmen's compen-

sation acts by the several states as the exclusive remedy for industrial accidents." *Wilson* v. *Faull, supra* at 119, 141 A.2d at 775. And in *Woodner,* the court, after discussing the several reasons relied upon elsewhere for relegating an injured worker to his compensation benefits, goes on to say that "* * * the thrust of these groups of cases, taken together, is apparent: in an employee-employer suit, if some workmen's compensation act purports to bar the action, that bar will be applied in the forum." *Jonathan Woodner Co.* v. *Mather, supra* at 873.

Larson, after a full discussion of the authorities, says that "the best all-purpose ground for enforcing the exclusive-remedy clause of a foreign state" is "that the balance of interests between employer and employee on which compensation theory rests would be upset if the claimant could sue the employer at common law while simultaneously having a compensation right against him anywhere." Larson, *supra* at 408.73.

Finally, we find the Restatement exercising a similar deference to the exclusivity provision of a compensation statute of any state which has a significant relationship to the compensable injury. Its black letter rule states:

> "Recovery for tort * * * will not be permitted in any state if the defendant is declared immune from such liability by the workmen's compensation statute of a state under which the defendant is required to provide insurance against the particular risk and under which (a) the plaintiff has obtained an award for the injury, or (b) the plaintiff could obtain an award for the injury, if this is the state (1) where the injury occurred, or (2) where employment is principally located, or (3) where the employer supervised the employee's activities from a place of business in the state, or (4) whose local law governs the contract of employment under the rules of §§ 187-188 and 196." Restatement (Second) *Conflict of Laws* §184 (1971).

Recognizing that there may, be contrary views we none-

theless believe that the sounder and better rule calls for the forum state in the instances specified in the Restatement, *supra*, §184 to enforce the bar created by the exclusive-remedy statute of a sister state.

The plaintiff Busby's appeals in the primary and third-party proceedings are denied and dismissed as is the defendant Perini Corporation's appeal in the third-party proceedings; and in each case the judgment appealed from is affirmed.

*Milton Bernstein*, for plaintiff.

*Hinckley, Allen, Salisbury & Parsons, Thomas J. Hogan, Thomas D. Gidley, Michael P. DeFanti*, for Perini Corporation; *Higgins, Cavanagh & Cooney, Kenneth P. Borden*, for Owen J. McGarrahan Co., defendants.