JESSE CAMPINHA vs. JAMES J. DEVINE, INC. & others.

Plymouth.    February 1, 1973. — September 26, 1973.

Present: ROSE, KEVILLE, & ARMSTRONG, JJ.

*Workmen's Compensation Act,* Common employment, Action against
     third person. *Law or Fact.*

In an action brought in 1966, under G. L. c. 152, § 15, in the name of an
     injured employee of a general contractor constructing a road, by the
     workmen's compensation insurer of the contractor against the owner
     and an operator of a piece of equipment used in the construction work,
     the plaintiff could not recover where the existence of a contract for use
     of the equipment and other factors were not reasonably disputable
     and established the defense of "common employment" as matter of
     law. [483-485]

TORT.    Writ in the Superior Court dated January 21,
1966.
     The action was tried before *Taveira, J.*
     *Philander S. Ratzkoff* for the plaintiff.
     *Chris Byron* for the defendants.

ARMSTRONG, J.    Campinha was injured on September
15, 1965, when a piece of heavy construction equipment
called a Gradall backed accidentally into a trench where he
was working and twisted and crushed his foot. The Gradall
was owned by the defendant James J. Devine, Inc. (Devine)
and was operated by the defendants Anderson and Fenton.
Campinha was employed by the J. F. White Co., a general
contractor, and received workmen's compensation from its
insurer. This action was brought by the insurer in Camp-
inha's name as provided by G. L. c. 152, § 15.

There were three counts, one against each of the defend-
ants, all sounding in negligence for personal injuries. The
jury found for the defendant Anderson but against the
defendants Devine and Fenton. The verdicts for the plain-
tiff were taken under leave reserved, and verdicts were

Campinha *v.* James J. Devine, Inc.

thereafter entered for the defendants. The case is before us both on the plaintiff's and the defendants' exceptions.

The decisive issue is whether it was proper for the court to enter verdicts for the defendants on the basis of the common employment defense.[1] The plaintiff contends that the entered verdicts were improper because it was not established as a matter of law that the defendants were engaged in "common employment" with the plaintiff so as to remove them from the category of "person[s] other than the insured" who may be held liable under G. L. c. 152, § 15. See *Clark* v. *M. W. Leahy Co. Inc.* 300 Mass. 565, 568-569 (1938).

There was undisputed evidence that the plaintiff's employer was an "insured person" under G. L. c. 152, § 18, that it was engaged as general contractor in building a road, that the Gradall and its operators were doing work which was "part of or process in" the construction of the road, and that they were doing that work under the direction of employees of the general contractor under a long-standing rental arrangement between the general contractor and Devine calling for payment by the hour to the latter for the use of the Gradall and its operators.

The plaintiff concedes, as he must, that this undisputed evidence warrants a conclusion that recovery is barred by the common employment defense. He argues, however, that the defendants had the burden of proving that their work was being performed pursuant to a contract with the plaintiff's employer (*Harrington* v. *H. F. Davis Tractor Co. Inc.* 342 Mass. 675, 677 [1961]; *MacKay* v. *Ratner,* 353 Mass. 563, 565-566 [1968]) and that in the absence of a concession by the plaintiff of the facts establishing such a contract a verdict could not properly be entered on this issue in favor of the party having the burden of proof.

Cases in which verdicts properly were or should have been directed for the defendant on the basis of the common

---

[1] A recent amendment to G. L. c. 152, § 15, would have deprived the defendants of this defense had the accident occurred on or after the effective date of the amendment. See St. 1971, c. 941.

employment defense are, of course, numerous. See *Carlson v. Dowgielewicz,* 304 Mass. 560 (1939); *Roby* v. *Boston & Maine R.R.* 337 Mass. 369 (1958); *McPadden* v. *W. J. Halloran Co.* 338 Mass. 189 (1958); *Gauss* v. *H. N. Hartwell Co. Inc.* 338 Mass. 353 (1959); *Pettiti* v. *Edward J. McHugh & Son, Inc.* 341 Mass. 566 (1960); *Tindall* v. *Denholm & McKay Co.* 347 Mass. 100 (1964); *Preneveau* v. *E. A. Wilson Co.* 353 Mass. 766 (1968); *Brown* v. *Marr Equip. Corp.* 355 Mass. 724 (1969). Cf. *Caton* v. *Winslow Bros. & Smith Co.* 309 Mass. 150; *Cannon* v. *Crowley,* 318 Mass. 373 (1945); *DuBois* v. *Soule Mill,* 323 Mass. 472 (1948); *Harrington* v. *H. F. Davis Tractor Co. Inc., supra; Carr* v. *Arthur D. Little, Inc.* 348 Mass. 469 (1965); *MacKay* v. *Ratner, supra.* The plaintiff attempts to distinguish these cases on the basis that the plaintiffs in each of them in some manner conceded the facts establishing the defense. Some of the cases accommodate themselves to this explanation; others are made to do so only through the plaintiff's ingenious and intricate analysis bearing little resemblance to the stated reasons for the decisions.

Our opinion is that the true distinction between cases determining the applicability of the common employment defense as matter of law, and those requiring submission of the issue to the jury, is that in the former cases the facts establishing the defense are undisputed and not reasonably disputable, and in the latter cases there is a genuine uncertainty or dispute as to those facts or their interpretation.

This case is governed by the former line of cases, notwithstanding the plaintiff's attempt to raise a doubt from the uncertainty in the testimony as to which of the general contractor's employees ordered the Gradall. The plaintiff's suggestion that the general contractor, after using the Gradall for two days under the direction of his own job superintendent, might nevertheless be at liberty to disclaim liability to pay the established rental on the ground that the particular employee who ordered the Gradall was not authorized to do so has no foundation in.

the evidence and is mere speculation. On the facts in evidence it was no more necessary to submit to the jury the question whether there was a contract than it was to submit the question whether the defendants were engaged in general contractor's work. Any other conclusion would "rest upon nothing more substantial than the power of a jury arbitrarily to disregard established facts." *Chesapeake & Ohio Ry.* v. *Martin,* 283 U. S. 209, 216 (1931).

That the plaintiff did not concede the existence of the contract is not decisive. On the undisputed evidence before the court the existence of a contract and the other factors establishing "common employment" were not reasonably disputable. In these circumstances the judge was correct in withdrawing the question from the jury. *McPadden* v. *W. J. Halloran Co.* 338 Mass. 189, 190, 192 (1958). *Duggan* v. *Bay State St. Ry.* 230 Mass. 370, 379 (1918). *Kopaczski* v. *Eastern Air Lines, Inc. post,* 840 (1973). *Chesapeake & Ohio Ry.* v. *Martin, supra.* See also James, Civil Procedure § 7.7, p. 254; Wigmore, Evidence (3d ed.) § 2495, p. 306.

The plaintiff makes the further contention that the jury could properly have found Devine liable for antecedent negligence in hiring an incompetent driver (the defendant Fenton) for the Gradall. Even if such negligence were not subject to the common employment defense (which we do not decide; see *Comeau* v. *Hebert,* 352 Mass. 634 [1967]), our examination of the record convinces us that if any such negligence could have been found, it was on the part of Anderson, who hired Fenton. But the jury verdict for Anderson imports a finding that he was not negligent.

The plaintiff's exception to the admission of certain allegedly hearsay evidence is without merit, since such evidence was obviously not admitted for the purpose of showing the truth of the statement in question. *Glassman* v. *Barron,* 277 Mass. 376, 382 (1931). *Commonwealth* v. *Leaster,* 362 Mass. 407, 411-412 (1972).

Because of our decision, it is not necessary to consider the defendants' exceptions, which we treat as waived, or the question raised by the plaintiff as to whether the defend-

ants' bill of exceptions is properly before us. The plaintiff's exceptions are overruled.

*So ordered.*