**Charlotte WALTERS, Plaintiff,**

v.

**The PRESIDENT AND FELLOWS OF HARVARD COLLEGE et al., Defendants.**

**Civ. A. No. 81–2252–G.**

United States District Court, D. Massachusetts.

Sept. 23, 1986.

---

Wendy A. Kaplan, Cambridge, Mass., Ann M. Gilmore, Gilmore & Iandoli, Boston, Mass., for plaintiff.

Richard Ward, John Mason, Ropes & Gray, Boston, Mass., Daniel Crane Finn & Crane, Cambridge, Mass., for Marciano, Tegan Pres. & Fellows of Harvard.

Ann H. Taylor, Office of the General Counsel, Cambridge, Mass., for Harvard, Hinsman, Marciano.

## MEMORANDUM OF ORDER REAFFIRMING PREVIOUS DENIAL OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

GARRITY, District Judge.

In this action the plaintiff, Charlotte Walters, seeks damages growing out of the termination of her employment by defendant Harvard College (hereafter "Harvard"), and out of her alleged mistreatment by certain Harvard employees, (hereafter the "individual defendants"), on various federal statutory and state law theories of liability. In a previous ruling the court denied the individual defendants' motion for summary judgment on the claim for intentional infliction of emotional distress and Harvard's motion for summary judgment on the claim for breach of contract. All the defendants now move for a reconsideration of that ruling, with full briefing by the parties. After reconsideration, the court reaffirms its denial of summary judgment with respect to both claims.

■ Regarding the emotional distress claim, the individual defendants argue that the action against them, formerly "coemployees" with plaintiff, is barred by the Massachusetts Workers' Compensation Act, M.G.L. c. 152, § 15. *See, e.g., Caira v. Caira,* 1937, 296 Mass. 448, 449–50, 6 N.E.2d 431 (declining to treat suit against coemployee for negligence as one against person "other than the insured", thus preserving exclusivity of statutory remedy against employer). The defendants rely on *Tenedios v. Wm. Filene's Co.,* 1985, 20 Mass.App. 252, 256 n. 6, 479 N.E.2d 723, to support their position, but that decision does not control the instant case.

In *Tenedios* the intentional actions of coemployees (seizure of a sales clerk by store security personnel) were committed, albeit improperly, in furtherance of the employee's duties and the employer's interest in resisting pilferage. By contrast, the al-

leged tortious conduct in this case was plainly outside the scope of employment and cannot be deemed conducive to the employer's legitimate interests, even if it is later held not to be tortious. Without this basic connection to work-related activity, the policies behind the Workers' Compensation Act are not implicated.

Moreover, the timing and setting of the incidents allegedly causing plaintiff's emotional distress—i.e., during the workday and on the job—do not, in themselves, compel an exclusive statutory remedy against Harvard. It is unlikely that the state legislature sought to immunize employees from civil suits for intentional acts like those alleged here—separate and distinct from job responsibilities—merely because they were committed on the employer's premises.[1] The individual defendants are not shielded from potential liability by virtue of a statutory remedy against employers.[2]

█ As to the breach of contract claim, the defendant Harvard argues that summary judgment should be granted since plaintiff has failed to make a sufficient showing of Harvard's "repudiation of the grievance procedure of the [collective bargaining] agreement", and thus has failed to exhaust her contractual remedies, a precondition for this court to take jurisdiction over plaintiff's contractual claim. *See, e.g., Vaca v. Sipes*, 1967, 386 U.S. 171, 185, 87 S.Ct. 903, 914, 17 L.Ed.2d 842; *Hayes v. New England Millwork*, 1 Cir.1979, 602 F.2d 15, 18–19. The court is not persuaded by Harvard's argument.

The plaintiff's contentions that Harvard conditioned any settlement on withdrawal of her sex discrimination charges, and that Harvard failed to complete Step 3 of the Labor agreement (an apparent condition precedent to seeking arbitration under that agreement) raise a genuine issue of material fact as to the possibility of exhausting contractual remedies. Fed.R.Civ.P. 56(c). Certainly, Harvard may eventually demonstrate that its conduct did not amount to a repudiation, but the underlying facts have been placed sufficiently in question that summary judgment is not warranted on that claim. Cf. *Celotex Corp. v. Catrett*, 1986, —— U.S. ——, ——, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265.

The court's prior order denying partial summary judgment is reaffirmed.

---

**1.** The court does not agree with plaintiff, however, that *all* intentional torts are actionable against coemployees. Many ordinary work-related acts of coemployees may involve force and thus raise the possibility of intentional torts. To exempt such conduct from the Workers' Compensation Act's coverage would defeat the Act's central policy: to trade off the employee's simplified recovery for an exclusive remedy against employers for job-related injuries. The intentional acts at issue in this case, not being related to normal activity on the job, are not controlled by the same considerations. This conclusion is reinforced by considering a more serious intentional tort, for example, rape. Surely a rapist should not be able to escape civil liability by committing it against a coemployee while on the employer's premises.

**2.** The defendants' reference to a line of cases barring actions against coemployees for their negligent actions provides no guidance in this case. Inanimate employers, such as Harvard or any other corporate entity, act only through their individual employees; to this extent, the acts of the employee and employer merge. Thus, in almost every case against an employer for negligence, the plaintiff could find some coemployee to sue individually. Allowing parallel actions against coemployees, under these circumstances, would utterly defeat the Workers Compensation Act's objective of giving an exclusive remedy against employers.

The same compelling factors do not exist in the case of intentional torts committed by coemployees, however. The intentional conduct of employees may be sufficiently distinct from those of the employer to justify a separate action against a coemployee. As the court has held, the coemployees' actions in this case are sufficiently unrelated to their employment to allow a common law action. Yet not all intentional conduct will warrant the same treatment.